James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
2701 NW Vaughn Street, Suite 780
Portland, OR  97210
Telephone: (503) 224-0055
Fax: (503) 222-5290

David C. Powell (SBN 129781) (*pro hac vice*)
dpowell@mcguirewoods.com
Alicia A. Baiardo (SBN 254228) (*pro hac vice*)
abaiardo@mcguirewoods.com
McGuireWoods LLP
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

*Attorneys for Defendant Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DONALD E. MCCOY III and MAXIMILIANO OLIVERA, individually, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br><br>       Defendant. | Case No.: 1:20-cv-00176-CL<br><br>**WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE MARK D. CLARKE PURSUANT TO FED. R. CIV. P. 72(b)(2)** |

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL BACKGROUND.................................................................... 2

III.    LAW AND ARGUMENT ................................................................................ 3

    A.    Plaintiffs Failed to Provide Any Specific Objections to the Recommendation and Instead Improperly Re-Assert the Same Arguments Made in Their Opposition. ..........................................................................................4

    B.    Magistrate Judge Clarke Correctly Found that Medrano and 12 U.S.C. § 2605(e)'s "Related to Servicing" Requirement Is Applicable to 12 U.S.C. § 2605(k)(1).......... 6

        1.    Medrano Is Applicable to All Inquiries That Are Enforceable through RESPA ...........................................................6

        2.    Plaintiffs Again Fail to Provide Any Binding Authority to Support Their Contention That the Implementation of Regulation X through 12 U.S.C. § 2605(k)(1) Can Expand a Servicer's Duty to Respond to Non-servicing-related Inquiries ................................................................................ 8

    C.    Plaintiffs' Arguments Regarding the Recommendation's Legal Analysis Are Unfounded. ................................................................................................... 14

        1.    Plaintiffs' Attempt to Salvage Their 2605(k)(1)(D) Argument with Citations to Three Cases Already Addressed in Their Opposition Is Unavailing.................. 14

        2.    Plaintiffs' Argument that the Findings and Recommendation "Appear to" Presuppose that 12 U.S.C. § 2605(e) is the Exclusive Enforcement Mechanism Is Unfounded................................................................................................... 17

    D.    Magistrate Judge Clarke Correctly Found that Plaintiffs' Inquiries Did Not Relate to Servicing. ............................................................................................ 18

    E.    Magistrate Judge Clarke Correctly Found That Individually, None of Plaintiffs' Inquiries or NOEs Are Actionable. ......................................................... 19

        1.    McCoy Inquiry #2 and Olivera Inquiry #2 ...................................... 20

        2.    McCoy Inquiry #3 and Olivera Inquiry #1 ...................................... 22

        3.    McCoy NOE #2 ................................................................................ 23

        4.    McCoy NOEs #1, 3, 4, 5, and 6, and Olivera's NOE #1 ................... 25

IV.     CONCLUSION.................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aazami v. Wells Fargo Bank, N.A.*,
No. 3:17-cv-01564-BR, 2019 WL 281286 (D. Or. Jan. 22, 2019) ...............................9, 16, 18

*Alcantara v. McEwen*,
No. 12-CV-401-IEG DHB, 2013 WL 4517861 (S.D. Cal. Aug. 15, 2013).............................5

*Anderson v. Wells Fargo Home Mortg.*,
No. 2:16-cv-01783 LEK, 2017 WL 4181114 (E.D. Cal. Sep. 21, 2017)................................23

*Bever v. Cal-Western Reconveyance Corp.*,
No. 1:11-CV-1584 AWI SKO, 2013 WL 5492154 (E.D. Cal. Oct. 2, 2013)..........................15

*Brewer v. Wells Fargo Bank, N.A.*,
No. 16-cv-02664-HSG, 2017 WL 1315579 (N.D. Cal. Apr. 6, 2017) ...................................23

*Christenson v. Citimortgage, Inc.*,
No. 12-cv-02600-CMA-KLM, 2014 WL 4637119 (D. Colo. Sept. 16, 2014).......................11

*Estate of Coineandubh v. Boeing Employees Credit Union*,
No. 3:19-cv-05527-RBL, 2019 WL 3859726 (W.D. Wa. Aug. 16, 2019) .........................9, 16

*Consumer Solutions REO, LLC v. Hillery*,
658 F.Supp.2d 1002 (N.D. Cal. Aug. 26, 2009) ....................................................................2

*Croskrey v. Ocwen Loan Servicing LLC*,
No. SA-cv-14-1318-DOC (DFMx), 2016 WL 3135643 (C.D. Cal. June 2,
2016) ......................................................................................................................................19

*Derusseau v. Bank of America, N.A.*,
No. 11-cv-1766-MMA (JMA), 2011 WL 5975821 (S.D. Cal. Nov. 29, 2011).....................23

*Diunugala v. JP MORGAN CHASE BANK, N.A. et al.*,
No. 12cv2106-WQH-KSC, 81 F.Supp.3d 969 (S.D. Cal. Jan. 21, 2015).........................21, 23

*Durkee v. C.H. Robinson Worldwide, Inc.*,
765 F. Supp. 2d 742 (W.D.N.C. 2011), *aff'd*, 502 Fed. Appx. 326 (4th Cir.
2013), *cert. denied*, 134 S. Ct. 257, 187 L. Ed. 2d 149 (2013)..................................................4

*Evans v. Nationstar Mortg., LLC*,
No. 2:15-cv-1213 JAM GGH PS, 2015 WL 6756255 (E.D. Cal. Nov. 5, 2015) .....................2

*Forcucci v. U.S. Fid. & Guar. Co.*,
  11 F.3d 1 (1st Cir. 1993) ......................................................................................3

*Garcia v. Subia*,
  No. 07-CV-1869 JAH, 2011 WL 1119181 (S.D. Cal. March 28, 2011) ........................3, 4, 20

*Hazelwood v. Bayview Loan Servicing, LLC*,
  No. 1:20-cv-726, 2021 WL 664059 (S.D. Ohio. Feb. 19, 2021). ...............................................9

*Hock Huat Yap v. Deutsche Bank Nat'l Trust Co.*,
  No. CV-17-00229-TUC-RM, 2018 WL 4095167 (D. Ariz. Aug. 28, 2018)....................15, 16

*Junod v. Dream House Mortg. Co.*,
  No. CV 11-7035-ODW (VBKx), 2012 WL 94355 (C.D. Cal. 2012)..................................2, 19

*Malifrando v. Real Time Resolutions, Inc.*,
  No. 2:16-cv-0223 TLNGGHPS, 2016 WL 6955050 (E.D. Cal. Nov. 26, 2016)
  ..............................................................................................................................10, 13, 15, 16

*Medrano v. Flagstar Bank, FSB*,
  704 F.3d 661 (9th Cir. 2012) ..................................................1, 2, 6, 10, 13, 18, 20

*Messina v. Green Tree Servicing, LLC*,
  No. 14C7099, 210 F.Supp.3d 992 (N.D. Ill. Sept. 28, 2016) ......................................7, 11, 25

*In re Monroy*,
  650 F.3d 1300 (9th Cir. 2011) .............................................................................................24

*Moon v. BWX Technologies, Inc.*,
  742 F. Supp. 2d 827 (W.D. Va. 2010), *order aff'd*, 498 Fed. Appx. 268 (4th
  Cir. 2012) .............................................................................................................................5

*Morales v. Adams*,
  No. 8CV0705 JAH (PCL), 2010 WL 2628743 (S.D. Cal. June 28, 2010).........................4, 20

*New York City District Council of Carpenters Pension Fund v. Forde*,
  341 F.Supp.3d 334 (S.D.N.Y. 2018)....................................................................................4, 8

*Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*,
  840 F.2d 985 (1st Cir. 1988).................................................................................................5

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*,
  322 F.3d 847 (5th Cir. 2003) .................................................................................................5

*Phillips v. Reed Grp., Ltd.*,
  955 F. Supp. 2d 201 (S.D.N.Y. 2013)....................................................................................4

*Richissin v. Rushmore Loan Management Services*,
  No. 20-cv-871, 2020 WL 7024848 (N.D. Ohio)............................................................7, 8, 12

*Smith v. Wells Fargo Bank, N.A.*,
  No. 18 cv 7979, 2019 WL 2189285 (N.D. Ill. May 21, 2019) ................................................24

*St. Claire v. Ditech Financial, LLC*,
  No. 1:17-cv-3370-AT-JFK, 2018 WL 4850127 (N.D. Ga. Sep. 21, 2018) ..........................11

*Tanasi v. CitiMortgage, Inc.*,
  257 F.Supp.3d 232 (D. CT. June 30, 2017) ...........................................................................24

*U.S. v. Howell*,
  231 F.3d 615 (9th Cir. 2000) .............................................................................................5, 18

*Walker v. Branch Banking & Tr. Co.*,
  237 F. Supp. 3d 1326 (S.D. Fla. 2017) ...................................................................................24

*Watson v. Bank of America, N.A.*,
  No. 16-cv-513-GPC (MDD), 2016 WL 6581846 (S.D. Cal. 2016)........................................21

*Weiss v. Wells Fargo Bank, N.A.*,
  No. 19C4947, 2020 WL 469615, (N.D. Ill. Jan. 29, 2020) ..............................................11, 24

*Wilson v. Bank of Am., N.A.*,
  No. 14-2498, 48 F.Supp. 3d 787 (E.D. Pa. Sept. 24, 2014)......................................................7

*Zhang v. Countrywide Home Loans, Inc*.
  No. 11-cv-03475 (NC), 2012 WL 1245682 (N.D. Cal. April 13, 2012) ...........................21, 23

**Statutes**

12 U.S. C. § 2605................................................................................................................6, 7

12 U.S.C. § 2605(i)(3) ...........................................................................................................11

12 U.S.C. § 2605(e) ........................................................................................................7, 12, 17

12 U.S.C. § 2605(f)........................................................................................................9, 12, 14

12 U.S.C. § 2605(k) ........................................................................................12, 13, 14, 17, 18

12 U.S.C. § 2605(k)(1) ..........................................................................................1, 6, 7, 8, 14, 15

12 U.S.C. § 2605(k)(1)(C) ...........................................................................................10, 11, 12, 25

12 U.S.C. § 2605(k)(1)(C)-(E).................................................................................................6, 14

12 U.S.C. § 2605(k)(1)(D) .....................................................................................................13, 16, 20

12 U.S.C. § 2605(k)(1)(E) .................................................................................8, 9, 10

**Other Authorities**

12 C.F.R. § 1024.35 .....................................................................................9, 11, 12, 24

12 C.F.R. § 1024.35(a) ....................................................................................9, 16, 24

12 C.F.R. § 1024.35(b)(11) ..........................................................................12, 18, 25

12 C.F.R. § 1024.36(A) ..................................................................................14, 16

12 C.F.R. § 1024.36(b)(6) ..............................................................................24

12 C.F.R. § 1024.38 .......................................................................................8

12 C.F.R. § 1024.40 .......................................................................................9

78 Fed. Reg. 10720 ........................................................................................9

78 Fed. Reg. 10740 ........................................................................................8

78 Fed. Reg. 10742 ........................................................................................24

78 Fed. Reg. 10778 ........................................................................................8

78 Fed. Reg. 10779 ........................................................................................9

78 Fed. Reg. 10808 ........................................................................................8, 9

Fed. R. Civ. P. 72(b)(2) ..................................................................................3

Fed. R. Civ. P. 72(b)(3) ..................................................................................3

## I.    <u>INTRODUCTION</u>

Plaintiffs' Objection to the Findings and Recommendation of Magistrate Judge Mark D. Clarke [Dkt. 53] (the "Objection") offers no sound reason why this Court should overrule the careful and comprehensive analysis set out by Magistrate Judge Clarke in his 15-page Findings and Recommendation (the "Recommendation") [Dkt. 51] evaluating over 100 different opinions offered by the parties in their briefing and the robust legal arguments made by both sides at the hearing on Wells Fargo's Motion to Dismiss in December 2020.  As Magistrate Judge Clarke told the parties at the hearing, he wanted to take his time to make sure he reached the correct result.  He did.

Plaintiffs' Objection seeks to avoid Magistrate Judge Clarke's sound legal analysis—and applicable Ninth Circuit case law—by generically asserting that (1) Magistrate Judge Clarke improperly relied on *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661 (9th Cir. 2012) since Plaintiffs alleged violations of 12 U.S.C. § 2605(k)(1) in addition to 12 U.S.C. § 2605(e)(1), and (2) that even if *Medrano* applies, their correspondence sufficiently relates to 'servicing' to be actionable. Beyond Plaintiffs' Objection failing procedurally because it does not meet Rule 72's specificity requirements, Plaintiffs' re-hashed arguments do not alter the comprehensive conclusion Magistrate Judge Clarke came to after nine months of deliberation: that § 2605(k)(1) does not alter the *Medrano* analysis and Plaintiffs' requests do not relate to servicing because they concerned the defense of their foreclosure proceedings.  This Court should adopt Magistrate Judge Clarke's Recommendation and dismiss the Complaint.

As Magistrate Judge Clarke recognized, the seminal Ninth Circuit *Medrano* decision compels the dismissal of Plaintiffs' claims.  To accept Plaintiffs' argument would render *Medrano* meaningless and place an unfair burden on servicers that would expose them to liability for

essentially any letter that is sent. Indeed, courts to consider this question have rejected the idea that the triggering event for a response should be anything beyond what is provided by *Medrano*—similar to the conclusion reached by Magistrate Judge Clarke. *Medrano,* 704 F 3d at 666-67 (servicing 'does not include the transactions and circumstances surrounding a loan's origination-facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement. Such events precede the servicer's role in receiving the borrower's payments and making payments to the borrower's creditors.'); *accord Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW (VBKx), 2012 WL 94355 (C.D. Cal. 2012); *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002 (N.D. Cal. Aug. 26, 2009); *Evans v. Nationstar Mortg., LLC*, No. 2:15-cv-1213 JAM GGH PS, 2015 WL 6756255 (E.D. Cal. Nov. 5, 2015). As noted in the Recommendation, this is because QWRs necessarily relate to *errors* on the account and outline a process by which a customer can ensure that their loan servicer fixes that error. Recommendation at 8. Plaintiffs' correspondence did not seek information covered statutorily—rather, they sought information related to their loans to utilize in defending foreclosure actions. The same counsel representing them here issued these underlying requests and assisted Plaintiffs in their foreclosure actions.

Accordingly, Wells Fargo respectfully requests the Court adopt the Recommendation and dismiss Plaintiffs' complaint with prejudice since their theories are legally untenable.

## II.    <u>PROCEDURAL BACKGROUND</u>

On June 15, 2020, Plaintiffs filed their First Amended Complaint. Plaintiffs' lawsuit arises out of their basic allegation that Wells Fargo failed to properly respond to Plaintiffs' purported inquiries under RESPA and Regulation X. On July 22, 2020, Wells Fargo filed its Motion to Dismiss the FAC. Plaintiffs opposed the motion on August 19, 2020 and Wells Fargo filed its

reply on September 9, 2020.  The Court set a hearing on Wells Fargo's motion for December 15, 2020.

On July 21, 2021, Magistrate Judge Clarke issued his Recommendation, in which he correctly concluded that (1) Wells Fargo's duty to respond under RESPA is triggered only if the inquiries relate to servicing; and (2) none of Plaintiffs' inquiries relate to servicing.  Magistrate Clarke recommended that Plaintiffs' FAC be dismissed. Plaintiffs filed their Objection on August 4, 2021.

## III.    LAW AND ARGUMENT

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may submit objections to a magistrate judge's findings and recommendation to the district court.  The district court then reviews *de novo* the portions of the magistrate judge's report and recommendation which are properly objected to.  Fed. R. Civ. P. 72(b)(3).  Although the review is *de novo*, the Court is "slow to reverse a magistrate's careful conclusions, thoughtfully reviewed."  *Forcucci v. U.S. Fid. & Guar. Co.,* 11 F.3d 1 (1st Cir. 1993).  Where a party simply repeats its prior arguments, the district court reviews the magistrate judge's findings and recommendation only for clear error.  *Garcia v. Subia*, No. 07-CV-1869 JAH PCL., 2011 WL 1119181, at *3 (S.D. Cal. March 28, 2011) (finding that "petitioner presents no specific objections to the report's findings and conclusions but, instead, rehashes and reiterates the same arguments he presented in his petition…Thus, only general objections to the report have been presented by petitioner.  As such, this Court may adopt the magistrate judge's findings and conclusions regarding this claim, provided they are not clearly erroneous.").

**A.     Plaintiffs Failed to Provide Any Specific Objections to the Recommendation and Instead Improperly Re-Assert the Same Arguments Made in Their Opposition.**

As demonstrated herein, Plaintiffs' Objection simply re-hashes the same basic arguments raised in their Opposition to the Motion to Dismiss—arguments which were already presented to the Magistrate, and rejected.

When a party objects to a magistrate's recommendation, Federal Rule of Civil Procedure 72(b) requires that the party file "specific written objections."  Importantly, when a party asserts only general conclusory or general objections to a magistrate's report, or merely reasserts prior arguments, the district court will review only for clear error.  In *New York City District Council of Carpenters Pension Fund v. Forde*, 341 F.Supp.3d 334 (S.D.N.Y. 2018), the objections to the magistrate's report were lengthy (46 pages over the allowable page limit).  However, despite their length, the objections consisted mainly of arguments from the initial motion for summary judgment that the magistrate had already reviewed and considered and therefore did not warrant de novo review.  *Id*. at 337; *see also Garcia*, 2011 WL 1119181, at *3; *Morales v. Adams*, No. 8CV0705 JAH (PCL), 2010 WL 2628743, at *2 (S.D. Cal. June 28, 2010) (citing *Thomas*, 474 U.S. at 153) ("To the extent petitioner presents general objections to the magistrate judge's report by relying upon the same arguments previously presented, this Court may adopt the magistrate judge's findings and conclusions presented in the report as long as they are not clearly erroneous."); *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) ("Objections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742 (W.D.N.C. 2011) (merely reiterating the same arguments as those made to the magistrate judge does not warrant de novo review), *aff'd*,

502 Fed. Appx. 326 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 257, 187 L. Ed. 2d 149 (2013); *Moon v. BWX Technologies, Inc.*, 742 F. Supp. 2d 827 (W.D. Va. 2010) (general objections that merely reiterate the arguments presented to the  magistrate lack the specificity required and have the same effect as a failure to object), *order aff'd*, 498 Fed. Appx. 268 (4th Cir. 2012).  This makes sense when viewed with appropriate "[c]oncerns about judicial economy and efficiency" and the role of Magistrate Judges generally to help increase efficiencies. *See Alcantara v. McEwen*, No. 12-CV-401-IEG DHB, 2013 WL 4517861, at *1–2 (S.D. Cal. Aug. 15, 2013) (collecting cases).

Similarly, here, Plaintiffs' objection—albeit lengthy—merely revisits the arguments already raised in their Opposition to the Motion to Dismiss and generally complains the Magistrate Judge reached the wrong result.[1]  As a result, the Court should employ a clear error standard of review—as Plaintiffs concede.  Obj. at 11 ("The Magistrate Erred as a Matter of Law in Finding That Plaintiffs' Borrower Inquiries Were Not Actionable Under RESPA… This conclusion was in error. … none of these cases support the Magistrate's conclusion.").

---

[1] To the extent Plaintiffs try to re-frame their original arguments and the Court discerns any new arguments raised by Plaintiffs, such arguments should not be considered at this stage.  In *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), the Ninth Circuit considered whether a district court *must* consider supplemental evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.  Recognizing a split among the circuits, the Ninth Circuit ultimately "conclude[d] that a district court has discretion, ***but is not required***, to consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation."  *Id*. (emphasis added); *see also Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (litigants cannot use magistrate judge as mere sounding board); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) (litigants cannot use appearance before magistrate judge as dress rehearsal).  Indeed, it would defy principles of judicial economy to allow Plaintiffs to raise new arguments now, *after* the parties already submitted their briefing on the motion to dismiss, participated in oral argument, and awaited the Magistrate's ruling for nine months. *See Howard*, 932 F.2d at 509 (affirming purpose of efficiency behind Federal Magistrates Act); *see also Reyna-Tapia*, 328 F.3d at 1122 (same).  As such, to the extent the Objection includes any new arguments, they should be disregarded.

**B.      Magistrate Judge Clarke Correctly Found that Medrano and 12 U.S.C. §
2605(e)'s "Related to Servicing" Requirement Is Applicable to 12 U.S.C. §
2605(k)(1).**

The Magistrate Judge correctly found that the "relating to servicing" requirement is a pre-
condition to trigger a servicer's obligations under RESPA and Regulation X (the Mortgage
Servicing Rules Under the RESPA) to respond to inquiries/QWR/RFI/NOE[2], and that the
requirement of "relating to servicing" should not be circumvented by enforcing an RFI or NOE
through 12 U.S.C. § 2605(k)(1)(C)-(E).  Recommendation at 8-9.  In the Objection, Plaintiffs only
rehash the same argument as previously provided in their Opposition.  Obj. at Section II__ *cf.* Opp.
at Section II.B.  Accordingly, the Court should apply the less stringent "clearly erroneous" standard
in its review of the Magistrate Judge's findings and recommendation.   Nevertheless, even
assuming the review is *de novo*, Plaintiffs' Objection still fails for each of the following reasons.

**1.  *Medrano* Is Applicable to All Inquiries That Are Enforceable through
RESPA**

In *Medrano*, the Ninth Circuit affirmed the district court's dismissal of plaintiff's claim
under RESPA, reasoning that "[plaintiff's letters] were not qualified written requests ***relating to
the servicing*** of Plaintiffs' loan…[and] ***12 U.S.C. § 2605*** does not require a servicer to respond
to such requests."   *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667-68 (9th Cir. 2012)
(emphasis added).  Plaintiffs argue that "at the time *Medrano* was decided, the only requirements
imposed on Servicers with respect to responding to Borrower Inquiries were those established by
Subparagraph E—which requires Borrower Inquiries to relate to servicing."  Obj. at 4 *cf.* Opp. at

---

[2] Even accepting Plaintiffs' 'clarification' in their Opposition that their purported inquiries are
QWRs [Opp. 4], the Magistrate Judge correctly stated that "[u]ltimately, however, the distinction
between an RFI and a QWR is a red herring.  A servicer's obligation to respond to an inquiry,
whether the inquiry is labelled a QWR, an RFI, or an NOE, is only triggered if all the requirements
have been met, including, most importantly, the requirement that the inquiry relate[s] to the
servicing of the loan."  Recommendation at 11.

5-6.   That is untrue.   In 2010 (before *Medrano*'s decision in 2012), 12 U.S.C. § 2605(k)(1)/Subparagraph K1 had been added to RESPA by the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank").   *See id*; *see also* Public Law No. 111-203, 124 Stat. 1390 (2010).   Therefore, *Medrano*'s "relating to servicing" requirement should equally apply to all inquiries enforceable through 12 U. S. C. § 2605.

Plaintiffs again argue that 12 U. S. C. § 2605(k)(1) and Regulation X impose additional duties upon servicers and, as a result, they expand servicers' duties, and liability, to respond to non-servicing-related inquiries.   *See* Obj. at 4 citing *Wilson v. Bank of Am., N.A.,* No. 14-2498, 48 F.Supp. 3d 787 (E.D. Pa. Sept. 24, 2014) and *Messina v. Green Tree Servicing, LLC*, No. 14C7099, 210 F.Supp.3d 992 (N.D. Ill. Sept. 28, 2016)[3]; *see also* Opp. at Section II.B. However, Plaintiffs' logic falters.   The existence of additional duties in Regulation X does not expand a servicer's liability or trigger an obligation to respond as courts have found again and again. *Richissin v. Rushmore Loan Management Services*, No. 20-cv-871, 2020 WL 7024848 (N. D. Ohio) (rejecting the same plaintiffs' counsel's argument that 2605(k)(1) expanded a servicer's obligation to respond to inquiries unrelated to servicing).   *Wilson*—newly cited by Plaintiffs yet available at the time they filed their Opposition—does not change the result.   That case does not address 2605(k)(1) but rather concerns whether the plaintiff adequately alleged that the defendant had conducted a "***reasonable*** investigation" in responding to an RFI as required by Regulation X.   12 U.S.C. § 2605(e) only requires an investigation).   *Wilson*, 48 F.Supp. 3d at 806-07.   Regulation X's requirement regarding an investigation would be an additional duty to a servicer.   This "additional" duty does not expand servicers' duties to respond to non-servicing-related inquires.

---

[3] In *Messina*, the parties disputed whether the plaintiff failed to send an NOE to the servicer's designated address as provided by Regulation X (but not by RESPA).  *See Messina*, 210 F.Supp.3d at 1007-08.

*See e.g. Richissin v. Rushmore Loan Management Services*, 2020 WL 7024848.   Instead, Regulation X and Subparagraph K1 are there to provide details/guidelines that make it easier for servicers to comply with their duties to respond to servicing-related inquiries.  *See e.g.,* 78 Fed. Reg. 10740 ("The Bureau believes revising proposed § 1024.35(b) in this [enumerated] manner is necessary and appropriate to achieve the consumer protection purposes of RESPA, including ensuring responsiveness to consumer requests…").  They are not additional bases for litigation.

> **2. Plaintiffs Again Fail to Provide Any Binding Authority to Support Their Contention That the Implementation of Regulation X through 12 U.S. C. § 2605(k)(1) Can Expand a Servicer's Duty to Respond to Non-servicing-related Inquiries**

> **i.  Plaintiffs' Cited CFPB's Commentary Is Not on Point and so Magistrate Judge Clarke's Founding that *Medrano*'s "Relating to Servicing" Requirement is Applicable to 12 U.S.C. § 2605(k)(1)(E)Should be Maintained**

Plaintiffs again cite to the Commentary of the Consumer Financial Protection Bureau ("CFPB") to support their contention that Regulation X creates a *new* cause of action that would dramatically increase a servicer's scope of liability.  Obj. at 5 *cf.* Opp. at 9-10 (making same argument and relying upon same CFPB provisions).  However, as Wells Fargo previously argued, neither 78 Fed. Reg. 10778 nor 78 Fed. Reg. 10808 supports Plaintiffs' contention that an RFI/NOE can be selectively enforced through 12 U.S.C. § 2605(k)(1)(E) and bypass *Medrano*'s "relating to servicing" requirement.  Reply at 5-6.  At 78 Fed. Reg. 10778, the CFPB discusses its proposal of issuing 12 C.F.R. § 1024.38 under section 6(k)(1)(E) and 6(j)(3) of RESPA to make it enforceable through private rights of action, and comments received from various commentators.  Given commentators' concern that allowing a private right of action may create significant litigation risk,  the final rule actually "provides [no] private liability for violations of § 1024.38…the Bureau no longer relies on its authorities under section 6 of RESPA to issue §

1024.38." 78 Fed. Reg. 10779; *see also Hazelwood v. Bayview Loan Servicing, LLC*, No. 1:20-cv-726, 2021 WL 664059, at *7 (S.D. Ohio. Feb. 19, 2021).  At 78 Fed. Reg. 10808, the CFPB states the same for 12 C.F.R. § 1024.40.  *See* 78 Fed. Reg. 10808; *see also Hazelwood*, 2021 WL 664059, at *7.

Obviously, the CFPB's refusal to provide private rights of action for 12 C.F.R. § 1024.38 and 1024.40 as cited by Plaintiffs cannot serve as support for private rights of action for enforcing 12 C.F.R. §§ 1024.35 and 1024.36 (Regulation X) through 12 U.S.C. § 2605(k)(1)(E), much less mandate a loosening of the "relating to servicing" requirement under RESPA.  To the contrary, the CFPB states "[w]ith respect to error resolution procedures and information requests, ***those provisions[,] including 12 C.F.R. §§ 1024.35 and 1024.36,] build upon the existing Qualified Written Request procedures***, which are currently applicable to the servicers." 78 Fed. Reg. 10720 (emphasis added); *see also Hazelwood*, 2021 WL 664059, at *7.  Since Regulation X "build[s] upon the existing Qualified Written Request procedures," its implementation should also be subject to the QWR's fundamental requirement of "relating to servicing" as supported by numerous, binding authorities and considered by Magistrate Judge Clarke.  78 Fed. Reg. 10720; *see also Aazami v. Wells Fargo Bank, N.A.,* No. 3:17-cv-01564-BR, 2019 WL 281286, at *13-14 (D. Or. Jan. 22, 2019) (holding that alleged RFIs are "not QWR/RFIs within the meaning of RESPA and Regulation X because they are not information about loan servicing" and so defendant is not required to respond); *Estate of Coineandubh v. Boeing Employees Credit Union,* No. 3:19-cv-05527-RBL, 2019 WL 3859726, at *4 (W.D. Wa. Aug. 16, 2019) ("§ 1024.35(a) similarly limits the 'notice of error' definition to loan servicing.").  Therefore, even assuming that 12 U.S.C. § 2605(f) can provide private rights of action to enforce Regulation X and 12 U. S. C. §§ 2605(k)(1)(E) and 2605(e), the CFPB's commentary provides no support for Plaintiffs' contention

that *Medrano*'s "relating to servicing" requirement can be circumvented by selectively implementing Regulation X through 12 U.S.C. § 2605(k)(1)(E).

        **ii.**      **Plaintiffs Again Fail to Cite to Any Binding Authorities to Support Their Contention that Magistrate Judge Clarke's Finding as to 12 U.S.C. § 2605(k)(1)(C) Is in Error**

Plaintiffs again fail to identify any specific error by Magistrate Judge Clarke in finding that § 2605(k)(1)(C) does not expand a servicer's obligations to respond to an inquiry. Plaintiffs again do not provide any binding authority to support their contention that the implementation of Regulation X through 12 U.S.C. § 2605(k)(1)(C) can expand a servicer's obligations to respond to non-servicing-related inquiries. *See* Obj. at 6-7 *cf.* Opp. at 11 (arguing same). The only caselaw Plaintiffs cite from this Circuit, as with their original Opposition to Wells Fargo's Motion, is *Malifrando*. However, *Malifrando* offers no discussion as to 12 U.S.C. § 2605(k)(1)(C) or "other standard servicer's duties." At most, *Malifrando* explained and confirmed the same "relating to servicing" requirement outlined by the Ninth Circuit Court of Appeals in *Medrano* by stating:

> However, as cited in the authority set forth above, both the controlling statute and regulatory definitions include "information relating to the servicing of the mortgage" within the ambit of a QWR…While this "relationship" ***must have some direct nexus with loan servicing***, and cannot be construed as having everything and anything to do with a mortgage, the general nature of these words connote something more than an accounting statement.

*Malifrando v. Real Time Resolutions, Inc.,* No. 2:16-cv-0223 TLN GGH PS, 2016 WL 6955050, at *7 (E.D. Cal. Nov. 26, 2016) (emphasis added.). Accordingly, the *Malifrando* court held that "[m]ost of these items pertain to the origination of the loan and therefore do not qualify as the subject of a QWR." *Id.* As such, *Malifrando* does not support expanding a servicer's obligations to respond to inquiries that have no "direct nexus with loan servicing." Again, Plaintiffs do not identify any specific objection to Magistrate Clarke's analysis beyond generally disagreeing with his conclusion. *See generally* Obj.

Moreover, as detailed in Wells Fargo's Reply, courts around the country do not support Plaintiffs' strained interpretation.  *See* Reply at 7-9.  While the CFPB's comment relating to "standard servicer's duties" is not the same as the definition of servicing in 12 U.S.C. § 2605(i)(3), none of the cases provided by Plaintiffs authorize enforcement of an NOE or RFI through 12 U.S.C. § 2605(k)(1)(C) because it does not relate to the servicing of a loan but relates to "standard servicer's duties."  For example, in *Christenson,* the court held that "nothing in the regulation [of 12 C.F.R. 1024.35] that Plaintiffs have found affects the way this Court interprets the word "servicing" in the prior order," and accordingly determined that a servicer was not obligated to respond to an inquiry about loss mitigation as it was not relating to servicing.  *Christenson v. Citimortgage, Inc*., No. 12-cv-02600-CMA-KLM, 2014 WL 4637119, at *3 (D. Colo. Sept. 16, 2014); *see also St. Claire v. Ditech Financial, LLC*, No. 1:17-cv-3370-AT-JFK, 2018 WL 4850127, at *5, 7 (N.D. Ga. Sep. 21, 2018) (holding the plaintiff's NOEs are "complaints related to 'standard servicer duties' and are ***thus 'related to servicing'*** of her loan under RESPA") (emphasis added); *Weiss v. Wells Fargo Bank, N.A*., No. 19C4947, 2020 WL 469615, at *3-4 (N.D. Ill. Jan. 29, 2020) (finding the plaintiff's alleged error "was not an error for the purposes of 12 CFR § 1024.35 because it did ***not directly pertain to servicing*** of the loan" although plaintiff asserts 12 C.F.R § 1024.35 and 12 U.S.C. § 2605(k)(1)(C), (E), ***not 2605(e)***) (emphasis added); *Hopkins v. PHH Mortgage Corp.,* et al., 2:18-CV-00042-RWS-JCF, 2019 WL 3526502, at *10-11 (N.D. Ga. May 30, 2019) (plaintiff had sufficiently stated a claim where the defendant's letter "concerned alleged errors in the ***servicing*** of her mortgage loan and requested information about the ***servicing*** of the loan and was therefore a QWR under RESPA") (emphasis added).

Lastly, Plaintiffs rehash their same theory that the "relating to servicing" requirement would "impermissibly read the provisions of 12 U.S.C. § 2605(k)(1)(C) out of existence" without

identifying how Magistrate Judge Clarke committed legal error.  Obj. at 7 *cf.* Opp. at 11-12.

Again, Plaintiffs do not explain how "other standard servicer's duties" could be expanded to

include responding to non-servicing-related inquiries nor do they provide any binding authority to

support such position.  Plaintiffs' contention would inevitably create substantial uncertainty

regarding the scope of "other standard servicer's duties."  This is why courts, including Magistrate

Judge Clarke, have rejected such a concept.  *See e.g. Richissin v. Rushmore Loan Management*

*Services, LLC,* No. 20 CV 871, 2020 WL 7024848, at *4 (N.D. Ohio Nov. 30, 2020).  In *Richissin*,

the court held that an alleged QWR/NOE over a purported breached settlement agreement where

the servicer failed to suppress credit report was neither enforceable under 12 U.S.C. § 2605(e) nor

enforceable by implementing 12 C.F.R. § 1024.35 through 12 U.S.C. § 2605(k)(1)(C).  *See id*.

The court reasoned that the errors relating to "other standard servicer's duties" must fall into the

errors as listed in 12 C.F.R. § 1024.35, including 12 C.F.R. § 1024.35(b)(11) ("catch-all provision

– any other error relating to the servicing[4] of a borrower's mortgage loan").  *See id*.  Therefore,

the scope of "other standard servicer's duties" is subject to the "relating to servicing" requirement.

　　In fact, as Wells Fargo previously argued, Plaintiffs' contention would render 12 U.S.C. §

2605(e) superfluous.  Reply at 9.  Since the damages and costs as set forth in 12 U.S.C. § 2605(f)

in violation of  12 U.S.C. §§ 2605(k) and 2605(e) are the same, 12 U.S.C. § 2605(k) would

certainly be more favorable over 12 U.S.C. § 2605(e) for a plaintiff if it is not subject to the

"relating to servicing" requirement.  As a result, the current issue is no longer regarding "whether

---

[4] The CFPB viewed 12 C.F.R. § 1024.35(b)(11) as a catch-all provision in addition to § 1024.35(b)(1)-(10) which are "enumerated errors" that "delineate all types of errors related to **servicing** that borrowers may encounter" and believed that "any error related to the servicing of a borrower's mortgage loan also relates to standard servicer duties."  78 Fed. Red. 10740, 10744 (emphasis added). Therefore, all NOEs under 12 C.F.R. § 1024.35(b)(1)-(11), based on the statute's own language and the CFPB's commentary, should relate to servicing.

*Medrano* is applicable to 12 U.S.C. § 2605(k)." In reality, Plaintiffs are asking this Court to vacate *Medrano*'s "relating to servicing" requirement under RESPA.

> ### iii. Plaintiffs' 12 U.S.C. § 2605(k)(1)(D) Argument Is Based Upon Incorrect Interpretation on *Malifrando* and so Magistrate Judge Clarke's Finding Should Be Maintained

Just as in their Opposition, Plaintiffs again argue that before the enactment of Dodd-Frank, an Ownership Inquiry[5] as provided in 12 U.S.C. § 2605(k)(1)(D) had been held not to relate to servicing, and, therefore, *"if Subparagraph E's related to servicing requirement applied to Ownership Inquiries, it would mean that Servicers would *never* be required to respond to them."* Obj. at 7-8 *cf.* Opp. at 14-15. Plaintiffs' argument should fail because their support from *Malifrando* actually relates to "requests for information about loan origination and transfer of the loan," but has nothing to do with a simple Ownership Inquiry. *See Malifrando*, 2016 WL 6966060, at *5. Further, in *Malifrando*, the court held that "[m]ost of these items pertain to the origination of the loan and therefore do not qualify as the subject of a QWR" as they do not relate to servicing. *Id.* Apparently, the court still determines whether a servicer is obligated to respond based on whether an inquiry relates to servicing. Accordingly, Plaintiffs' concern on applying the "relating to servicing" requirement to 12 U.S.C. § 2605(k)(1)(D) is without merit.

> ### iv. *Medrano*'s "Relating to Servicing" Requirement Is Required for Enforcing a RESPA Claim, Including the Implementation of Regulation X, Regardless of How the Inquiries Are Categorized/Named

Notably, Plaintiffs recognize in their Opposition that "all of Plaintiffs' Borrower Inquiries were unquestionably QWRs." Opp. at 4. But, again in their Objection, Plaintiffs attempt to argue that because their Inquiries are also RFIs and NOEs under Regulation X, they are not subject to

---

[5] An Ownership Inquiry refers to "a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan" as provided in 12 U.S.C. § 2605(k)(1)(D).

*Medrano*'s "relating to servicing" requirement. *See* Obj. at 9-11 *cf.* Opp. at 7-10. However, as discussed above, Plaintiffs fail to provide any binding authorities to support that the implementation of Regulation X through 12 U.S.C. § 2605(k)(1)(C)-(E) can expand a servicer's duty to respond to non-servicing-related inquiries. Therefore, regardless of how Plaintiffs' Inquiries are categorized/named, *Medrano*'s "relating to servicing" is a condition to trigger a servicer's duty to respond. Without such a condition, a RESPA claim based on violation of either 12 U.S.C. §§ 2605(k) or 2605(e) cannot be enforced under 12 U.S.C. § 2605(f).

### C.    Plaintiffs' Arguments Regarding the Recommendation's Legal Analysis Are Unfounded.

Dressed up as a separate argument that the Magistrate Judge committed a generic error as a matter of law, Plaintiffs again argue for their Section "III" that their claims are actionable under RESPA because 12 U.S.C. §§ 2605(k)(1) and Regulation X expand the scope of RESPA. Here, Plaintiffs for the first time address Magistrate Judge Clarke's Recommendation and do not simply regurgitate their prior arguments. Wells Fargo addresses each of Plaintiffs' contentions in turn—namely that Magistrate Judge Clarke appropriately interpreted Plaintiffs' cited authority, appropriately understood when a servicer's duty to respond is triggered under 12 C.F.R. § 1024.36(A), and appropriately concluded that NOEs are also limited to servicing errors. Plaintiffs' arguments are unconvincing for a variety of reasons and particularly because they rely upon a mixed bag of district court cases decided outside the Ninth Circuit.

### 1.    Plaintiffs' Attempt to Salvage Their 2605(k)(1)(D) Argument with Citations to Three Cases Already Addressed in Their Opposition Is Unavailing

Plaintiffs first take issue with Magistrate Judge Clarke's reading of three cases they concede were "exhaustively critiqued" in their Opposition quite simply because they don't like the broader conclusion Judge Clarke reached after analyzing myriad opinions in the Ninth Circuit and

around the country—a conclusion expressly supported by Ninth Circuit caselaw.  Obj. at 11 *cf.*
Recommendation at 9.

      In reaching his Recommendation, Magistrate Judge Clarke analyzed the close relationship
between QWRs and RFIs/NOEs based on the language of 12 U.S.C. §§ 2605(e) and 2605(k) and
Regulation X.  Next, the Magistrate Judge relied upon binding Ninth Circuit authority to conclude
that *Medrano*'s "relating to servicing" requirement should not be circumvented by enforcing
Regulation X through 12 U.S.C. § 2605(k)(1). Recommendation (citing among others *Medrano*,
*Aazami*, *Hock Huat Yap*, *Bever*, *Malifrando*, *Estate of Coineandubh*, and *Beall*).  In addition, the
Magistrate cited cases from other circuits (e.g., *Wesner*) to show that courts around the country
also do not agree with Plaintiffs' contention.  Recommendation at 9.

      Among all the cases relied on by the Magistrate, Plaintiffs selectively critique three of
them.  Plaintiffs rehash their argument trying to avoid *Hock* and assert that *Hock*'s findings that
"only QWRs [that relate to servicing of the loan] will trigger obligations under 2605(k)(1)(D)" is
conclusory and the court never reached such issue.  Obj. at 11 citing *Hock Huat Yap v. Deutsche
Bank Nat'l Trust Co*., No. CV-17-00229-TUC-RM, 2018 WL 4095167, at *3 (D. Ariz. Aug. 28,
2018) (citing *Bever v. Cal-Western Reconveyance Corp*., No. 1:11-CV-1584 AWI SKO, 2013 WL
5492154, at *5-6 (E.D. Cal. Oct. 2, 2013) and *Malifrando*, 2016 WL 6955050, at *5[6]).  That is
untrue.  Indeed, as quoted by Plaintiffs, the court stated that "it has already found that reasonable
jurors could not find Defendants liable based on an absence of damages allegations." *Id*.  However,
that is not the end of the story.  Instead, the court went on to state:

---

[6] Note that *Bever* and *Malifrando* are cases cited by *Hock,* on which the Magistrate mainly relied
and discussed in the Recommendation.  In addition, Plaintiffs' analysis as *Malifrando* contradicts
itself.  Plaintiffs state that "the court only made a ***singular*** reference to Subparagraph K1," but at
the same time assert that "the *Malifrando* court ***interpreted*** Subparagraph K1 to *modify* the
requirements of Subparagraph E."  Obj. at 12 (emphasis added).

The Court notes however, that **section 2605's applicability only to "servicers" of loans would strongly suggest that such a request would not trigger its obligations**. *Medrano*, 704 F.3d at 666-67 ("'***Servicing***' ... does not include the transactions that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement. Such events precede the servicer's role in receiving the borrower's payments and making payments to the borrower's creditors."). **As such, Defendants' argument regarding a request for information about the original creditor could independently support summary judgment.**

*Id*. (emphasis added).  Therefore, the court in *Hock* again recognized that *Medrano*'s "relating to servicing" requirement is the condition that triggers a servicer's obligations to respond and applied *Medrano*'s requirement in analyzing plaintiff's claim under 12 U.S.C. § 2605(k)(1)(D).  *See id*.

Notably, the Objection offers no comment or explanation on other binding authorities cited by the Magistrate.  *See e.g., Aazami,* 2019 WL 281286, at *13-14 (holding that alleged RFIs are "not QWR/RFIs within the meaning of RESPA and Regulation X because they are not information about loan servicing"); *see also Estate of Coineandubh,* 2019 WL 3859726, at *4 (concluding that "§ 1024.35(a) similarly limits the 'notice of error' definition to loan servicing").

Next, Plaintiffs allege that the Magistrate misinterprets 12 C.F.R. §§ 1024.36(a), and that his observation regarding "a qualified written request that requests information relating to the servicing of the mortgage loan is a request for information" disregards the first three sentences of 12 C.F.R. § 1024.36(a).  *See* Obj. at 12-13.  However, the citation of "a qualified written request that requests information…" is not the Magistrate Judge's personal "observation," but is part of the exact language of 12 C.F.R. §§ 1024.36(a).  12 C.F.R. § 1024.36(a).  Again, in this regard, Plaintiffs only cite to non-binding authorities to attack the Magistrate's findings (e.g., CFPB's commentary, which is not codified, or caselaw in other circuits).  *See* Obj. at 13-14.

Lastly, Plaintiffs assert that "for the reasons set forth above, to the extent that courts in the Ninth Circuit have held differently, it was based on an impermissibly limited interpretation of Subparagraph k1 and Regulation X."  Obj. at 14.  Plaintiffs seem to suggest that this Court should

favor non-binding authorities and uncodified CFPB commentary over the binding authorities cited by the Magistrate Judge (as well as Wells Fargo). However, regardless of whether or not the interpretation of Subparagraph k1 and Regulation X by binding authorities from this Circuit is "impermissibly limited," that is irrelevant to whether the Magistrate erred as a matter of law in reaching his findings. The Magistrate Judge did not err as a matter of law by following the binding authorities in the Ninth Circuit.

Accordingly, Plaintiffs' assertion that the Magistrate erred as a matter of law is without merit as the findings and recommendation of the Magistrate Judge are fully supported by the binding authorities from this Circuit.

> **2.    Plaintiffs' Argument that the Findings and Recommendation "Appear to" Presuppose that 12 U.S.C. § 2605(e) is the Exclusive Enforcement Mechanism Is Unfounded**

Plaintiffs argue that "the Recommendation appears to presuppose that Subparagraph E is the exclusive enforcement mechanism relative to a Servicer's failure to respond to a Borrower Inquiry." Obj. at 14. Plaintiffs' argument wrongfully equates imposing *Medrano*'s "relating to servicing" requirement under RESPA, including both 12 U.S.C. §§ 2605 (e) and (k), to presupposing that Subparagraph E is the exclusive enforcement mechanism.

To the opposite, as discussed above, allowing the implementation of Regulation X through 12 U.S.C. § 2605 (k) without subject to *Medrano*'s "relating to servicing" requirement will nullify 12 U.S.C. § 2605(e) as 12 U.S.C. § 2605 (k) will certainly become a more favorable choice to borrowers. *See* Section II.B.2. While Plaintiffs do not directly ask this Court to vacate *Medrano*'s "relating to servicing" requirement, Plaintiffs' contention, if adopted, will fundamentally change the enforcement of RESPA by burdening servicers to respond to non-servicing-related inquiries.

### D.    Magistrate Judge Clarke Correctly Found that Plaintiffs' Inquiries Did Not Relate to Servicing.

Next, Magistrate Judge Clarke correctly found that Plaintiffs' Inquiries and NOEs do not pertain to servicing and, for that reason, they are not actionable.  Recommendation at 10-11.  In support of his finding, he relied upon Ninth Circuit case law—namely, *Medrano* and *Aazami*—to explain that inquiries seeking information "that would be relevant to a challenge to the validity of the underlying debt" or the original loan agreement are <u>not</u> related to servicing.  *Id*. citing *Medrano*, 704 F.3d at 666-67; *Aazami*, 2019 WL 281286.  Here, Plaintiffs do not dispute that McCoy's inquiries related to his challenge regarding the ownership and validity of his loan or that Olivera's inquiries related to the defense of his foreclosure action.  *See generally* FAC, Opp., Obj. As a result, they cannot contest the holdings of cases like *Medrano* and *Aazami* where the courts found that the requests related to the origination of the loans rather than servicing and as a result were not actionable under RESPA.  Instead, Plaintiffs re-hash their prior argument by insisting that the Magistrate must have relied upon an improperly narrow reading of what it means to be "related to" servicing.  In support of this proposition, they turn to an amicus curiae brief recently filed by the CFPB in the Second Circuit.[7]  But Plaintiffs' reliance on the CFPB's brief is misplaced.

In *Naimoli v. Ocwen Loan Servicing, LLC*, the Western District of New York concluded that the catch-all provision of 12 C.F.R. § 1024.35(b)(11) did not cover Ocwen's failure to record instruments because such failure "concern[ed] the modification of the terms of the loan."  2020 WL 2059780, at *9 (W.D.N.Y. Apr. 29, 2020).  Thus, the CFPB submitted its responsive amicus curiae brief in *Naimoli* to address a limited question: "whether th[e] catch-all provision [12 C.F.R.

---

[7] The CFPB brief was not submitted to the Magistrate Judge.  In the Ninth Circuit, "a district court has discretion, ***but is not required***, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."  *Howell*, 231 F.3d at 621 (emphasis added).

§ 1024.35(b)(11)] applies to a borrower's claim that the servicer mishandled critical loan documents **in connection with the borrower's efforts to obtain a loan modification**." Obj., Ex. A at 18-19 (emphasis added).

In their Objection, Plaintiffs attempt to turn the CFPB's limited comments regarding requests for information in the context of loan modifications into a sweeping generalization about a servicer's duties to respond under RESPA. But the CFPB simply did not go that far. Critically, the requests at issue here did not concern a loan modification. Rather, as the Magistrate correctly pointed out, the inquiries and NOEs were sent *after* the loans had already entered foreclosure litigation. Thus, the CFPB's amicus curiae brief is not applicable here.

Plaintiffs then turn to McCoy Inquiry #3 and argue that because one of the eight requests in that inquiry was for copies of servicing notes, the entire request was actionable. Obj. at 21-22; Opp. at 28. Not so. Relying on *Croskrey v. Ocwen Loan Servicing LLC*, No. SA-cv-14-1318-DOC (DFMx), 2016 WL 3135643, at *11 (C.D. Cal. June 2, 2016), and *Junod v. Dream House Mortg. Co.*, 2012 WL 94355, at *4 (C.D. Cal. Jan. 5, 2012), the Magistrate correctly noted that a mere tangential reference to servicing notes is not sufficient to convert an inquiry that is otherwise not actionable under RESPA into one that triggers a servicer's duty to respond. Plaintiffs' sole response to this is that *Croskrey* and *Junod* have been "abrogated" by Regulation X. However, as discussed at length above, Regulation X has not been held to expand a servicer's obligations under RESPA to respond to non-servicing-related inquiries. See Section II.B, *infra*.

**E.    Magistrate Judge Clarke Correctly Found That Individually, None of Plaintiffs' Inquiries or NOEs Are Actionable.**

Even taking each Inquiry and NOE individually, the Magistrate correctly found that *none* of them are actionable. In response, Plaintiffs' Objection does nothing more than rehash the arguments that Plaintiffs asserted in their Opposition to Wells Fargo's Motion to Dismiss. *See*

Opp. at 25-30.  These arguments were not only responded to by Wells Fargo in its reply, but they were also considered by the Magistrate in connection with the Recommendation.  Accordingly, the Court should adopt the Magistrate's findings and conclusions "provided they are not clearly erroneous."  *Garcia*, 2011 WL 1119181, at *3; *see also Morales*, 2010 WL 2628743, at *2.  As outlined in this Response, none of the Magistrate's findings regarding the viability of each individual inquiry/NOE are "clearly erroneous."   Because Plaintiffs present no new law or argument, the Court should adopt the Magistrate's Recommendation en toto.

### 1.  McCoy Inquiry #2 and Olivera Inquiry #2

The Magistrate Judge correctly found that McCoy Inquiry #2 and Olivera Inquiry #2 pertained to Plaintiffs' challenge of foreclosure and the validity of the loan, not to servicing.  These inquiries sought the identity, address, and contact information for the current owner or assignee of the loan, the master servicer, *and* the current servicer.  As an initial matter, these inquiries seek information beyond the categories enumerated in 12 U.S.C. § 2605(k)(1)(D)—this point is not addressed by Plaintiffs in their Objection.  Moreover, in their Objection, Plaintiffs merely rehash (almost verbatim) the arguments from their Opposition to the Motion to Dismiss. Obj. 18-20 *cf.* Opp. 26-27.  First, Plaintiffs argue that because these are "Ownership Inquiries" pursuant to 12 U.S.C. § 2605(k)(1)(D), they are not subject to *Medrano*'s "relating to servicing" requirement. However, Plaintiffs cannot overcome the holding in *Medrano* that a servicer's duty to respond is only triggered when the request relates to servicing.  *Medrano*, 704 F.3d at 666; *see also* Section II.B., *infra*.

Second, Plaintiffs argue that these ownership inquiries *do* relate to servicing.  On this point, Magistrate Clarke found that these inquiries did not relate to servicing because they pertain to the "challenge of the foreclosure and the validity of the loan."  Recommendation at 13.  This is

especially true when viewed in the context of the underlying foreclosure litigation that had already commenced when the inquiries were sent. Plaintiffs again rely on *Watson v. Bank of America, N.A.*, No. 16-cv-513-GPC (MDD), 2016 WL 6581846, at \*11 (S.D. Cal. 2016), to argue that courts in this circuit have found that such inquiries relate to servicing. However, in *Watson*, the Court actually acknowledged that "[s]ervicing, as defined under RESPA, 'does not include…facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement…'" *Id*. at \*6. Although the Court found that Watson's particular inquiries did not relate to a challenge to the validity of the debt or the loan's terms, this was a fact-specific analysis and cannot be interpreted to have the sweeping impact Plaintiffs advocate, especially in view of contrary authority from this circuit. *See Diunugala v. JP MORGAN CHASE BANK, N.A. et al.,* No. 12cv2106-WQH-KSC, 81 F.Supp.3d 969, 982 (S.D. Cal. Jan. 21, 2015) ("request for the identity of the master servicer and current creditor constitutes non-servicing related information…facts relevant to a challenge of validity of an underlying debt or the terms of a loan agreement"); *Zhang v. Countrywide Home Loans, Inc*. No. 11-cv-03475 (NC), 2012 WL 1245682, at \*5 (N.D. Cal. April 13, 2012) (dismissing RESPA claim because plaintiff's request for "the names of each lender, servicer, creditor or owner…," disputed the validity of the loan). Indeed, in *Watson*, there was no foreclosure litigation pending and the Court did not make a finding that the requests were related to the borrower's attempt to challenge the validity of the underlying debt. *See generally*, *Watson*, 2016 WL 6581846. Here, however, the inquiries must be viewed in the context of the underlying foreclosure litigations that had already commenced when the inquiries were sent. Thus, the Magistrate's finding that these inquiries did not relate to servicing—in the context of this action—is correct and should be adopted by this Court.

### 2.    McCoy Inquiry #3 and Olivera Inquiry #1

As Magistrate Judge Clarke already determined, McCoy's Inquiry #3 is an overbroad request seeking eight items[8] and Olivera's Inquiry #1 sought copies of any and all broker's price opinions. The Magistrate correctly determined these inquiries both arose out of each Plaintiff's separate challenge of the foreclosure and the validity of the loan, not to servicing, and therefore were not actionable. Recommendation at 13-14. In response to this finding, Plaintiffs cannot point to any Ninth Circuit authority. Rather, they rely entirely on the CFPB's comments in *Naimoli* to argue that inquiries related to defending against foreclosure relate to servicing. Obj. at 22. However, as noted above, *Naimoli* is inapposite, since the plaintiff there identified "errors ***in connection with her pursuit of a loss mitigation option***." Obj., Ex. A at 23 (emphasis added). McCoy Inquiry #3 and Olivera Inquiry #1 were not made in connection with their "pursuit of a loss mitigation option." Rather, as the Magistrate correctly found, they were made in the context of challenging the validity of the loan as a result of pending foreclosure litigation. But the CFPB's amicus brief upon which Plaintiffs solely rely does not discuss a servicer's duty to respond to requests relating to the validity of a loan at all, let alone render an opinion on the topic. Plaintiffs essentially ask this Court to allow the CFPB's brief—in an unrelated Second Circuit case—to overturn established Ninth Circuit authority regarding the scope of a servicer's duty to respond.

---

[8] This inquiry requested the transactional history of the loan, all broker's price opinions, the physical location of the original note, the original note, the identity and contact information for the custodian of the collateral file note, a detailed copy of the last two analyses of the escrow account of the mortgage, the date on which Wells Fargo received a complete loss mitigation application, and servicing notes for the past two years. FAC Ex. 1, pp. 6-7.

*See Diunugala,* 81 F.Supp.3d at 982; *Zhang,* 2012 WL 1245682, at *5.  This request is unsupported and should be denied.

Furthermore, with respect to McCoy Inquiry #3, the Magistrate additionally found that the request—which included eight separate items, several of which Plaintiffs acknowledge were not related to servicing[9]—was "overbroad."  As such, under *Derusseau v. Bank of America, N.A.*, No. 11-cv-1766-MMA (JMA), 2011 WL 5975821, at *4-5 (S.D. Cal. Nov. 29, 2011), and *Anderson v. Wells Fargo Home Mortg.*, No. 2:16-cv-01783 LEK, 2017 WL 4181114, at *5 (E.D. Cal. Sep. 21, 2017), Wells Fargo did not have a duty to respond.  In response, Plaintiffs again turn to their unsupported conclusion that all case law predating the 2014 enactment of Regulation X is no longer good law.  But this argument is unsuccessful, especially where *Anderson* was decided in 2017.  Although Plaintiffs insist that *Anderson* incorrectly relied on *Derusseau*, this logic is faulty in view of the fact that *Anderson* also relied on *Brewer v. Wells Fargo Bank, N.A.*, No. 16-cv-02664-HSG, 2017 WL 1315579, at *5 (N.D. Cal. Apr. 6, 2017), for the proposition that "overbroad requests…[go] well beyond the limited subject matter of a valid QWR."  *Anderson*, 2017 WL 4181114, at *5-6.  And *Brewer* was decided well after Regulation X.  Finally, and critically, Plaintiffs cannot point to a single case supporting their position that any case predating Regulation X is no longer valid.  For these reasons, Plaintiffs' Objection is without merit, and the Court should adopt the Magistrate's Recommendation.

### 3.  McCoy NOE #2

The Magistrate correctly found that McCoy's NOE #2 was not actionable under RESPA because it did not identify an account error that relates to the servicing of the loan.  Instead, it

---

[9] *See* Opp. at 27 (in response to Wells Fargo's argument that the inquiry does not relate to servicing, Plaintiffs responded, "While this may be true relative to *some* of the requests contained in McCoy's Inquiry #3…").

simply claimed a failure to respond.  *See* Complaint, ¶ 54.  Established case law provides that a notice solely asserting failure to properly respond is not an actionable NOE.  *Weiss v. Wells Fargo Bank, N.A.*, No. 19 C 4947, 2020 WL 469615, at *4 (N.D. Ill. Jan. 29, 2020); *Walker v. Branch Banking & Tr. Co.*, 237 F. Supp. 3d 1326, 1333-34 (S.D. Fla. 2017); *Smith v. Wells Fargo Bank, N.A.*, No. 18 cv 7979, 2019 WL 2189285, at *5 (N.D. Ill. May 21, 2019).  Notably, Plaintiffs' Objection does not address, let alone dispute, this authority.  Instead, Plaintiffs' response to the Magistrate's Recommendation is based on a fundamental misreading of 12 C.F.R. § 1024.35.  That section imposes requirements on a servicer related to "any written notice from the borrower ***that asserts an error***…"  12 C.F.R. § 1024.35(a).  Thus, where no error was asserted, this NOE simply does not fall within the scope of Section 1024.35.

Plaintiffs argue that the Magistrate's (and Wells Fargo's) reading of Section 1024.35 is impermissibly narrow.  But Plaintiffs conveniently ignore the fact that Regulation Z is the *sole source* of a servicer's obligations concerning payoff statements.  *See* Motion at 26-27 citing 78 Fed. Reg. 10742; *Tanasi v. CitiMortgage, Inc.,* 257 F.Supp.3d 232, 264 (D. CT. June 30, 2017); *In re Monroy*, 650 F.3d 1300, 1301 (9th Cir. 2011) ("the Truth in Lending Act imposes greater, potentially more intrusive and administratively burdensome reporting requirements on mortgage creditors than does RESPA").  The error covered by 12 C.F.R. § 1024.36(b)(6) relates to an error in payoff balance/amount, rather than an error relating to a failure to respond to an inquiry.  *See* 78 Fed. Reg. 10742 ("The Bureau proposed § 1024.35(b)(6) to implement, in part, section 6(k)(1)(C) of RESPA with respect to borrower requests to correct errors relating to a final balance for purposes of paying off.").  Accordingly, it is clear that the "plain reading of the regulation" advocated by Plaintiffs actually leads straight to the conclusion reached by Wells Fargo and the Magistrate.

### 4.  McCoy NOEs #1, 3, 4, 5, and 6, and Olivera's NOE #1

As to the remaining NOEs, the Magistrate correctly concluded that they do not identify any errors in the servicing of the loans, and therefore are not actionable.  Plaintiffs insist that they are covered by the "catch-all" provision of 12 C.F.R. § 1024.35(b)(11).  First, this argument merely rehashes, *verbatim*, the argument made in Plaintiffs' Opposition to the Motion to Dismiss.  Second, and importantly, Plaintiffs fail to provide any support for their position that a failure to respond to a NOE can be enforced through 12 U.S.C. § 2605(k)(1)(C) when the NOE does not relate to the servicing of a loan.  Here, McCoy NOEs #1-3 and Olivera NOE #1 merely allege Wells Fargo's failure to respond to previous inquiries; and McCoy NOEs #4-6 indicate errors pertaining to McCoy NOEs #1-3.  But none of them identify any errors in the *servicing* of McCoy's loan. Although Plaintiffs posit that the NOEs related to servicing because Wells Fargo had a "standard servicer duty [to] properly handl[e]" the inquiries, the Objection is devoid of any authority in support of this position.  Accordingly, the NOEs are not actionable and the Magistrate's Recommendation should be adopted.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo respectfully requests that the Court adopt the Findings and Recommendation of Magistrate Judge Clarke and grant its Motion to Dismiss with prejudice given the fatal deficiencies identified above.

DATED: August 18, 2021                KILMER VOORHEES & LAURICK, P.C.

                                      By: */s/ James P. Laurick*
                                          James P. Laurick, OSB No. 821530
                                          jlaurick@kilmerlaw.com
                                          2701 NW Vaughn Street, Suite 780
                                          Portland, OR  97210
                                          Phone: (503) 224-0055/Fax: (503) 222-5290
                                          Attorneys for Defendant

WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION

DATED: August 18, 2021                    MCGUIREWOODS LLP


                                          By: */s/ David C. Powell*_____
                                               David C. Powell (SBN 129781) (*pro hac vice*)
                                               Alicia A. Baiardo (SBN 254228) (*pro hac vice*)
                                               Two Embarcadero Center, Suite 1300
                                               San Francisco, CA 94111-3821
                                               Telephone: 415.844.9944
                                               Facsimile: 415.844.9922
                                               Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on this 18th day of August, 2021, the foregoing **WELLS FARGO BANK,**

**N.A.'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE FINDINGS AND**

**RECOMMENDATION OF MAGISTRATE JUDGE MARK D. CLARKE PURSUANT**

**TO FED. R. CIV. P. 72(b)(2)** will be served in accordance with the Court's CM/ECF system

which will send notification of such filing by notice via email to the ECF participants of record a

true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.


*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
2701 NW Vaughn Street, Suite 780
Portland, Oregon  97210
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant
I:\10004\0150\Pleadings\Wells Fargo Response to Objections to Magistrate's Findings &
Recommendation.DOCX