Marc E. Dann
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
mdann@dannlaw.com

[Additional Counsel listed on subsequent page]

*Attorneys for Plaintiffs Donald McCoy, III,*
*Maximiliano Olivera, and the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| DONALD E. MCCOY III and MAXIMILIANO OLIVERA, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 1:20-cv-00176-CL<br><br>District Judge Michael J. McShane<br>Magistrate Judge Mark D. Clarke<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Jury Trial Demanded<br><br>Complaint filed: January 31, 2020<br>Trial Date: None Set |

1
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

**UNOPPOSED NOTICE OF MOTION AND**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**PLEASE TAKE NOTICE** that Plaintiffs Donald E. McCoy, III and Maximiliano Olivera ("Plaintiffs"), by their attorneys, shall appear before the Honorable Michael J. McShane of the United States District Court for District of Oregon, Wayne L. Morse United States Courthouse, 405 East Eighth Avenue, Eugene, OR 97401-2706, on a date and time to be determined by the Court, and shall there and then present Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and materials attached as exhibits thereto.

Date: January 27, 2023                    /s/ Thomas A. Zimmerman, Jr.
                                          Thomas A. Zimmerman, Jr.

                                          *Attorney for Plaintiffs*
                                          DONALD E. MCCOY, III and MAXIMILIANO
                                          OLIVERA

2
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

## <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUES TO BE DECIDED ........................................................1

   I.   INTRODUCTION .........................................................................................2

   II.  BACKGROUND ..........................................................................................2

      A.  Plaintiffs' Claims .................................................................................2

      B.  History of the Litigation and Settlement Negotiations ...........................3

      C.  Terms of the Settlement .......................................................................4

          1.  The Proposed Settlement Class...........................................................4

          2.  Settlement Fund .................................................................................5

              a.  Monetary Payments to Settlement Class Members Without the Need to Submit a Claim ...........................................5

              b.  Incentive Awards to Plaintiffs ....................................................5

              c.  Attorneys' Fees and Costs .........................................................6

              d.  Residual Distribution .................................................................6

              e.  Release .....................................................................................6

          3.   Settlement Conditions .......................................................................7

   III. ARGUMENT ...............................................................................................7

      A.  Legal Standard ....................................................................................7

      B.  The Proposed Settlement Class Should Be Certified.............................8

          1.  The Class Members Are So Numerous that Joinder Would Be Impracticable.....................................................................................8

          2.  There Are Questions of Law or Fact Common to the Class ...............9

          3.  Plaintiffs' Claims are Typical of the Class's Claims .........................9

1
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

    4.  Plaintiffs Have Fairly and Adequately Protected the Interests of the Class ........................................................................................... 10

    5.  Questions Common to the Class Predominate Over Individual Questions and a Class Action is Superior to Other Means of Adjudication ...................................................................................... 11

  C.  The Proposed Settlement is Fair, Reasonable, and Adequate .............................. 12

    1.  The Settlement is the Result of Good Faith, Arms-Length Negotiations by Well-Informed and Experienced Counsel .................................................. 13

    2.  The Settlement Has No Deficiencies and Does Not Improperly Favor Plaintiffs or Their Counsel ............................................................... 14

    3.  The Relief Provided by the Settlement is Adequate When Weighed Against the Risks of Litigation ....................................................... 16

IV. NOTICE OF SETTLEMENT SHOULD BE APPROVED ....................................... 16

V.  THE PROPOSED SCHEDULE SHOULD BE APPROVED .................................... 18

VI. CONCLUSION ............................................................................................. 19

2
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

# TABLE OF AUTHORITIES

## *Cases*

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................................................11, 12

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ...................................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................................8

*In re Initial Pub. Offering Sec. Litig.*,
  243 F.R.D. 79 (S.D.N.Y. 2007) ...............................................................................16

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ...................................................................................15

*In re Tableware Antitrust Litig.*,
  484 F.Supp.2d 1078 (N.D. Cal. 2007) .....................................................................13

*Kearney v. Hyundai Motor Am.*,
  2012 WL 13049699 (C.D. Cal. Dec. 17, 2012) .................................................12, 14

*Lieber v. Wells Fargo Bank, N.A.*,
  Case No. 16-cv-02868-PAG (N.D. Ohio) .................................................................13

*McKnight v. Uber Techs., Inc.*,
  14-CV-05615-JST, 2017 WL 3427985 (N.D. Cal. Aug. 7, 2017) ..........................7, 8

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...................................................................................17

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .....................................................................................7

*Wal-mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................................9

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2nd Cir. 2005) ...............................................................................13, 16

3
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

### *Statutes, Regulations, and Rules*

Fed. R. Civ. P. 23(a) ........................................................................................1, 4, 8, 9, 10

Fed. R. Civ. P. 23(b)(3).........................................................................................4, 8, 11, 12

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................16, 17

Fed. R. Civ. P. 23(e)(2)........................................................................................1, 8, 12, 13

4
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

1.      Whether the Class,[1] as defined in the Settlement Agreement ("SA") attached hereto as **<u>Exhibit 1</u>**, meets the standards under Rule 23(a), (b)(3), and (e)(2)(B)(ii) of the Federal Rules of Civil Procedure as likely to be certified for purposes of judgment on the Settlement;

2.      Whether the Settlement meets the standard under Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure as likely to be approved as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23(e)(2);

3.      Whether the Court should direct notice to the Class pursuant to the notice program set forth in the Settlement Agreement, and approve the form and content of the documents attached to the Settlement Agreement as **<u>Exhibit A</u>** (Postcard Notice), **<u>Exhibit B</u>** (Detailed Notice), **<u>Exhibit C</u>** (Preliminary Approval Order), **<u>Exhibit D</u>** (Final Approval Order), **<u>Exhibit E</u>** (Order of Judgment), and **<u>Exhibit F</u>** (Order Granting Motion to Vacate Dismissal Order).

4.      Whether to appoint Plaintiffs Donald E. McCoy III and Maximiliano Olivera as the Class Representatives;

5.      Whether to appoint Marc E. Dann of DannLaw, and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., and Jeffrey A. Long of the Law Offices of Jeffrey A. Long as Class Counsel.

---

[1] Unless otherwise specified, the defined terms used herein shall have the meanings as set forth in the Settlement Agreement.

1
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

## I.      INTRODUCTION

Plaintiffs and Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") have reached a proposed class action settlement that, if approved by the Court, would require Wells Fargo to pay a total of $269,250 to create a settlement fund (the "Settlement Fund") for benefit of the Class. In addition to the Payment to Class, the Settlement Fund also will include the payment of any approved Incentive Awards to the named Class Representatives and Wells Fargo's payment of Administration Costs. Following the deduction of Incentive Awards and Administration Costs, eligible claimants will be entitled to a distribution of one payment per loan within the Class. The Parties will effectuate a secondary distribution to Class Members to the extent there are uncashed checks or if there are otherwise additional funds remaining in the Settlement Fund and it makes economic sense to issue a secondary distribution.

As set forth below, the proposed Settlement meets the standard for preliminary approval as likely to be approved as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e). Accordingly, Plaintiffs request that the Court grant preliminary certification of the Class for purposes of directing notice in accordance with the Notice Program set forth in the Settlement, appoint Plaintiffs as Class Representatives, and appoint Marc E. Dann of DannLaw, and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., and Jeffrey A. Long of the Law Offices of Jeffrey A. Long as Class Counsel.

## II.     BACKGROUND

### A.      Plaintiffs' Claims

Plaintiffs and proposed Class Members[2] formerly held or currently hold mortgage loans that are or were serviced by Defendant. Plaintiffs allege that they and putative class members submitted borrower inquiries to Defendant, which Defendant was obligated to answer pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and the regulations promulgated pursuant thereto,

---

[2] "Class Members" is defined in SA ¶ 6.

2
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

known as "Regulation X," 12 C.F.R. § 1024.1, *et seq*. Plaintiffs alleged that Defendant responded with letters informing Plaintiffs and Class Members that Defendant would not be providing a response to their borrower inquiries because their accounts were in active litigation (the "Active Litigation Letters"). Plaintiffs further allege that, in sending the Active Litigation Letters in lieu of providing substantive responses to Plaintiffs' and Class Members' inquires, Defendant violated RESPA and Regulation X, and that they and Class Members sustained damages as a result.

**B.      History of the Litigation and Settlement Negotiations**

On January 31, 2020, Plaintiffs filed their initial class action Complaint (the "Complaint") in the United States District Court for the District of Oregon entitled *Donald McCoy, III, et al. v. Wells Fargo Bank, N.A.*, Case No. 1:20-cv-00176-CL (the "Action"). Dkt. # 1. Plaintiffs asserted claims against Defendant for RESPA violations pursuant to 12 U.S.C. 2601, *et seq*. and for violations of Regulation X, 12 C.F.R. § 1024.1, *et seq*.  In response to a motion to dismiss the Complaint, Plaintiffs sought, and were granted, leave to file an amended complaint. Dkt. # 29. Plaintiffs subsequently filed their First Amended Complaint ("FAC") on June 15, 2020. Dkt. # 31.

On July 22, 2020, Defendant moved to dismiss the FAC (the "Motion to Dismiss"). Dkt. # 35. On July 21, 2021, following oral argument, Magistrate Judge Mark D. Clarke issued his Findings and Recommendation in which he recommended that Defendant's Motion to Dismiss the FAC be granted. Dkt. # 51. Plaintiffs objected to the Magistrate Judge's Findings and Recommendation. After briefing on Plaintiffs' objections, Judge Michael J. McShane adopted the Magistrate Judge's Findings and Recommendation in full and dismissed this case. Dkt. # 55.

On October 15, 2021, Plaintiffs filed a Notice of Appeal. Dkt. # 57.  The main issue on appeal concerned whether Plaintiffs' borrower inquiries had to be related to loan "servicing" in order to trigger Defendant's duty to respond in accordance with RESPA and Regulation X, or whether those inquiries

3
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

could be related to a broader range of topics as contemplated by 12 U.S.C. § 2605(k)(1) of RESPA and the applicable provisions of Regulation X. On March 28, 2022, Plaintiffs submitted their opening brief (Appellate Dkt. 17), and, on April 4, 2022, the Consumer Financial Protection Bureau ("CFPB") filed an amicus curiae brief in support of Plaintiffs' position (Appellate Dkt. 23).

Thereafter, the appeal was held in abeyance so the Parties could engage in discussions before the Ninth Circuit's appointed mediator, Robert Kaiser, followed by a mediation before Honorable Herbert Hoffman (ret.) of Judicate West (the "Mediator"), which was held on September 21, 2022. The basic terms of the Settlement were negotiated and finalized as a result of that mediation.

### C.    Terms of the Settlement

#### 1.    The Proposed Settlement Class

The Class is defined as any person who, during the Class Period: (i) was a borrower on a Federally Related Mortgage Loan during the Class Period; (ii) sent a writing (that was not a payment coupon) to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; (iii) had a code on Wells Fargo's records showing there was active litigation and who received a letter from Wells Fargo referencing active litigation, active mediation, or active bankruptcy; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. 2605(e). Settlement Agreement ("SA"), Definitions, ¶ 6. The "Class Period" refers to the period beginning on February 2, 2017 through June 1, 2022, inclusive. SA, Definitions, ¶ 9. A "Federally Related Mortgage Loan" means a loan as defined by RESPA and Regulation X, 12 U.S.C. § 2602(1), 12 C.F.R. § 1024.2(b). SA, Definitions, ¶ 22. The "Designated Address" means PO Box 10335, Des Moines, IA 50306. SA, Definitions, ¶ 18.

The Parties agree to certification of the Class pursuant to Fed. R. Civ. P. Rules 23(a) and 23(b)(3). SA, § I-B. Defendant's agreement to certification of the Rule 23(b)(3) Class is solely for the purpose of

4
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

the Settlement and does not, and shall not, constitute, in this or any other proceeding, an admission by Defendant of any kind or any determination that certification of a class for trial or other litigation purposes in the Action or any other separate action is, or would be, appropriate. *Id.* Defendant reserves all rights to challenge certification of any class or subclass for trial or other litigation purposes in the Action or in any other action on all available grounds as if no class had been certified in this Action for purposes of the SA. *Id.*

### 2.     Settlement Fund

#### a.     Monetary Payments to Class Members Without the Need to Submit a Claim

Defendant will fund a Settlement Fund in the amount of $269,250.00 which will provide the following benefits: Payments to Class Members; Administration Costs; and Incentive Awards, if approved, for Plaintiffs Donald E. McCoy III and Maximiliano Olivera. SA, § III-A.

Class Members on each loan shall be entitled to a distribution following the deduction of Incentive Awards and Administration Costs. SA, § III-B. To the extent there are co-borrowers on each loan, only one payment will be made for each loan to the co-borrowers jointly. SA, § III-B-3.  Settlement checks to Class Members shall be mailed directly by the Settlement Administrator to the Class Members without a need for a claim process. *Id.* Additionally, the Parties will effectuate a secondary distribution to Class Members to the extent there are uncashed checks or if there are otherwise additional funds remaining in the Settlement Fund and it makes economic sense to issue a secondary distribution. SA, § III-B-2.

#### b.     Incentive Awards to Plaintiffs

Class Counsel will request from the Court an Incentive Award for the named Plaintiffs, Donald E. McCoy III and Maximiliano Olivera, in an amount up to and including $5,000 each (for a total of $10,000), to be paid solely from the Settlement Fund. SA, § III-B-1. This award is in recognition of the named Plaintiffs' acceptance of any risks that may have attended their suing their mortgage loan servicer, as well

5
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

as their efforts on behalf of the Class to obtain the benefits of the Settlement, including their role assisting Class Counsel in the investigation into the facts concerning the Action, as well as their participation and feedback for each of the complaints that were filed in the matter. Plaintiffs also participated in the mediation with the Mediator, and had an active role in negotiating and approving the terms of the Settlement.

### c.    Attorneys' Fees and Costs

Class Counsel shall apply to the Court for an award of reasonable attorneys' fees, payable separate and apart from the Settlement Fund, in an amount not to exceed $260,000 plus costs of litigation not to exceed $10,000. SA, § III-C.  Any award of attorneys' fees and costs will be paid by Defendant in addition to its payment for the Settlement Fund. *Id*. Class Counsel's request is based on the fee shifting provision under RESPA (12 U.S.C. 2605(f)(3)). *Id.* Defendant will not object to Plaintiffs' request for a separate award of attorneys' fees and costs pursuant to that fee shifting provision of RESPA. *Id.*

### d.    Residual Distribution

There will be no reversion of Settlement Funds to Defendant. SA, § III-B-4.  If there is any balance remaining in the Settlement Fund following the distribution of Payments to Class, Incentive Awards, and Administration Costs, the Parties will effectuate a secondary distribution to Class Members to the extent there are uncashed checks or if there are otherwise additional funds remaining in the Settlement Fund and it makes economic sense to issue a secondary distribution. SA, § III-B-2. A Cy Pres recipient, which shall be a section 501(c)(3) entity selected by the Parties (subject to Court approval), shall be awarded in the event it does not make economic sense to issue a secondary distribution. SA, § III-B-5.

### e.    Release

The Class Members obtain considerable benefits in exchange for their release of claims related to the Active Litigation Letters. The release encompasses all claims that Class Members had, have, or may

6
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

have against Defendant and/or the Class Releasees that result from, arise out of, are based upon, or relate to the Action, that were or could have been alleged in the Action, based upon the facts alleged in the FAC. SA, § II. The Settlement does *not* release any claims that are unrelated to the Action or the allegations in the Action. *Id.*

3.     Settlement Conditions

The Settlement is conditioned on the Court granting (i) Plaintiffs' unopposed motion to conditionally vacate and set aside the order and decision granting Defendant's motion to dismiss this case (Dkt. 55) and the judgment entered on September 28, 2021 (Dkt. 56), (ii) preliminary approval of the settlement, and (iii) final approval of the settlement. *See* SA, ¶ I.F. If all of these conditions are satisfied, the parties have agreed that the appeal will not be reactivated. However, if any one of these conditions is *not* satisfied, the parties have agreed that Plaintiffs may reactivate the appeal, which they will do. *See* SA, ¶ I.F.

## III.   ARGUMENT

### A.   Legal Standard

"The Ninth Circuit maintains a 'strong judicial policy' that favors the settlement of class actions." *McKnight v. Uber Techs., Inc.*, 14-CV-05615-JST, 2017 WL 3427985, at *2 (N.D. Cal. Aug. 7, 2017) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). "[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

First, "the district court must assess whether a class exists," and if so, next "carefully consider whether a proposed settlement is fundamentally fair, adequate, and reasonable, recognizing that it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall

7
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

fairness." *Id.* (internal alterations omitted); *see also* Fed. R. Civ. P. 23(e)(2). "Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Courts will give preliminary approval of a class action settlement only when the proposed settlement appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to class representatives or segments of the class; and falls within the range of possible approval. *McKnight*, 2017 WL 3427985, at *2.

### B.     The Proposed Class Should Be Certified

Under Fed. R. Civ. P. 23(a) the prerequisites for class certification are numerosity, commonality, typicality, and adequacy. A class must also meet one of the subsections of Rule 23(b), such as Rule 23(b)(3), which requires that common questions predominate over any questions affecting only individual members, and that class resolution is superior to other methods for a fair resolution of the controversy. As set forth below, the Class satisfies all necessary prerequisites for class certification.

### 1.     The Class Members Are So Numerous that Joinder Would Be Impracticable

Rule 23(a)(1) requires a class to be so large that joinder of all its members would be "impracticable." Fed. R. Civ. P. 23(a)(1). The prerequisite of numerosity is discharged if "the class is so large that joinder of all members is impracticable." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). In the Ninth Circuit, "40 class members are generally sufficient to meet the numerosity requirement." *Giles v. St. Charles Health Sys., Inc.,* 294 F.R.D. 585, 590 (D. Or. 2013); *see also Wilcox Dev. Co. v. First Interstate Bank of Or., N.A.,* 97 F.R.D. 440, 443 (D. Or. 1983) (same).

8
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

Here, using data and information about its customers' accounts reasonably available to Defendant, Defendant has ascertained that borrowers with 93 different loans fall within the Class. SA, § III-B-3. As such, numerosity is satisfied.

### 2.    There Are Questions of Law or Fact Common to the Class

Commonality requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In general, commonality concerns "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 349 (2011)). However, commonality does require all class members to make identical claims and arguments. *Murphy v. Precision Castparts Corp.*, 2018 WL 3151426, at *2 (D. Or. June 6, 2018). For these reasons, commonality is satisfied where, as here, Plaintiffs charge Defendant with a common course of alleged misconduct. *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 1579251, at *4 (S.D. Cal. Apr. 22, 2021).

Commonality is easily satisfied in this case. Defendant's alleged failure to properly answer Plaintiffs' and Class Members' borrower inquiries was the result of a procedure, and, thus, Plaintiffs and all Class Members were impacted by the same alleged misconduct.

### 3.    Plaintiffs' Claims are Typical of the Class's Claims

Putative class representatives' claims must also be typical of those of the class members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably coextensive with those of absent class members." *Khoja*, 2021 WL 1579251 at *4. But, typical does not mean identical. *Gudimetla v. Ambow Educ. Holding*, 2014 WL 12594458, at *3 (C.D. Cal. Dec. 2, 2014) ("Typicality under Rule 23(a)(3) requires a showing that the named plaintiffs are members of the class they represent and that their claims are "reasonably coextensive with those of absent class members," but not necessarily "substantially identical.").

9
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

Here, as noted above, Defendant's alleged conduct affected Plaintiffs and all Class Members equally.  In addition, Defendant has no defenses unique to the proposed Class Representatives.  Therefore, typicality is satisfied.

### 4. Plaintiffs Have Fairly and Adequately Protected the Interests of the Class

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class. In the Ninth Circuit, this has traditionally entailed a two-pronged inquiry: first, that the interests of the representative party not conflict with the interests of Class Members, and second, that the representative party's counsel is qualified, experienced, and able to conduct the proposed litigation vigorously. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). Both prongs of the adequacy requirement are satisfied here.

With respect to Plaintiffs, Plaintiffs have demonstrated throughout this litigation that they are each well-suited to represent the Class as they have participated in this litigation, assisted in developing the terms of this Settlement, and attended the mediation in this matter.  Each of their interests are aligned with those of the other Class Members.  *Rihn v. Acadia Pharms. Inc.*, 2015 WL 5227923, at *4 (S.D. Cal. Sept. 8, 2015) (noting that a lead plaintiff is adequate if his interests do not conflict with those of the class).

Likewise, Class Counsel are well-qualified to represent Plaintiffs and the Class, as they are all experienced attorneys who have handled many complex civil litigation matters including other class action lawsuits. *See* Resumes of Class Counsel, attached hereto as **<u>Exhibits 2-4</u>**. Plaintiffs' counsel have devoted substantial but proportionate time and resources to the analysis, development, and prosecution of this case. The work of these firms in this litigation evidence that they are well-qualified to represent the Class. Moreover, as more fully discussed below, Plaintiffs' counsel successfully negotiated a fair and reasonable Settlement on behalf of Plaintiffs and the Class.

10
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

     **5.**       **Questions Common to the Class Predominate Over Individual Questions and a Class Action is Superior to Other Means of Adjudication**

To certify a class under Rule 23(b)(3), the Court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs satisfy the predominance and superiority criteria.

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 594 (1997). When common questions are a significant aspect of a case and they can be resolved in a single action, class certification is appropriate. See 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 1788, at 528 (1986).

Here, the central issue in the case for Plaintiffs and each Class Member concerns Defendant's alleged refusal to provide a substantive response to borrower inquiries by claiming an "active litigation" exception. Since Plaintiffs' and all Class Members' claims arise out of the same alleged misconduct on the part of Defendant, no serious question exists that issues surrounding that alleged misconduct—such as whether Plaintiffs' and Class Members' borrower inquires triggered Defendant's duty to respond, and whether the Active Litigation Letters complied with RESPA and Regulation X—are common to Plaintiffs and each member of the Class. As such, Plaintiffs and every Class Member share considerable factual and legal issues in common.

These questions common to Plaintiffs and all Class Members predominate over any potential individual questions. Indeed, if Class Members were to bring individual actions, each would be required to prevail on the same issues in order to prove Defendant's liability. Therefore, predominance is satisfied.

Rule 23(b)(3) also requires a finding that the class action mechanism is a superior method of adjudicating Plaintiffs' and Class Members' claims. With respect to superiority, the Court should balance

11
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

the merits of certifying a class against other possible methods of adjudication.

In this case, a class action would avoid the possibility of repetitious litigation and efficiently resolve the claims of the entire Class at once, conserving judicial resources. This is particularly true given that certification for purposes of preliminarily approving the settlement would obviate potential manageability complications of a trial, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

Moreover, many of the Class Members are individuals for whom prosecution of an individual action would not provide a realistic or efficient alternative, given the comparatively small size of each individual Class Member's purported claim (*e.g.*, postage and possibly some attorney's fees). In addition, individual Class Members likely would be unable or unwilling to shoulder the great expense of litigating the claims at issue against the well-funded Defendant. As such, the relatively small class size, along with the reasonable damage recovery, make a class action the preferable method of adjudicating this matter. See *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ("most of the plaintiffs would have no realistic day in court if a class action were not available"); *Gudimetla*, 2014 WL 12594458, at *4 (finding superiority where "[t]he alternative to a class action—individualized actions—would be inefficient, costly, and unwieldy"); *Amchem,* 521 U.S. at 617 ("While the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high, the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'").

### C.    The Proposed Settlement Is Fair, Reasonable, and Adequate

"Rule 23(e)(2) requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate." *Kearney v. Hyundai Motor Am.*, 2012 WL 13049699, at *9 (C.D. Cal. Dec. 17, 2012). In performing this inquiry, a court should consider whether "(1) the proposed settlement appears to be the

12
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

product of serious, informed, non-collusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with the range of possible approval."  *Id.* (quoting *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)) (emphasis omitted).  As explained below, Rule 23(e)(2) is satisfied in this case.

### 1.    The Settlement is the Result of Good Faith, Arms-Length Negotiations by Well-Informed and Experienced Counsel

Courts presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations between well-informed counsel. *See*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2nd Cir. 2005) (noting that there is a strong "presumption of fairness" where settlement is the product of arm's-length negotiations conducted by experienced, capable counsel); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 2019 WL 3410382, at *3 (D. Or. July 29, 2019) (same).

Here, the Settlement was negotiated at arm's length with the benefit of *two* neutral mediators, the Ninth Circuit's appointed mediator, Robert Kaiser, as well as Honorable Herbert Hoffman (ret.) of Judicate West. As such, there are no indicia of collusion. In addition, the benefits provided by the Settlement compare favorably and are in line with other comparable settlements.  *See, e.g.*, *Lieber v. Wells Fargo Bank, N.A.*, Dkt. # 69, Case No. 16-cv-02868-PAG (N.D. Ohio) (granting final approval to class action settlement in substantially similar case involving Active Litigation Letters).

Moreover, it is Plaintiffs' counsel's opinion that the Settlement represents a good deal for Class Members, and they would not have advised Plaintiffs to agree to the Settlement were it otherwise.  This opinion is based on Plaintiffs' counsel devotion of substantial, but proportionate, time and resources to the analysis, development, and prosecution of this case, including briefing this matter on appeal, as well as Plaintiffs' counsel's substantial experience in class action litigation and RESPA class actions, specifically. *See* Resumes of Class Counsel, attached hereto as **<u>Exhibits 2-4</u>**; *Lieber*, Dkt. # 69, Case No. 16-cv-02868-PAG (N.D. Ohio) (involving same counsel). It is also important to note that Plaintiffs'

13
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

counsel believe that Plaintiffs were likely to prevail on appeal, particularly in light of the CFPB's decision to file an amicus brief in support of Plaintiffs' position. Accordingly, Plaintiffs' counsel would not have endorsed the Settlement unless they truly believed it to be fair and reasonable to Plaintiffs and absent Class Members.

<strong>2.     The Settlement Has No Deficiencies and Does Not Improperly Favor Plaintiffs or Their Counsel</strong>

The Settlement provides exemplary relief to the Class when considering the risks and time associated with continued litigation. From a procedural standpoint, the Parties would need to complete briefing this matter on appeal, and then, assuming Plaintiffs prevailed, would need to engage in discovery, considerable motion practice supporting class certification, potential summary judgment motions, motions regarding the testimony of experts, and the like before this matter would be resolved. In addition, at every step of the way, Plaintiffs and Class Members would incur the typical risks of litigation and trial. The Settlement eliminates these risks and costs, and will provide significant relief to Plaintiffs and Class Members immediately, which favors preliminary approval. *Kearney*, 2012 WL 13049699 at *11.

Moreover, the Settlement uses generally accepted methods for processing claims and distributing relief to eligible claimants. Settlement checks to Class Members shall automatically be mailed directly by the Settlement Administrator to the Class Members without a need for a claim process. SA, § III-B-3. Indeed, because Class Members can be readily identified, claimants need not submit evidentiary support or documentation to prove membership or to receive a payment. *Id.* To the extent there are co-borrowers on each loan identified by Defendant, only one payment will be made to the co-borrowers jointly, which promotes equitable distribution amongst Class Members. *Id.*

The Settlement Administrator approved by the Court will, *inter alia*: (1) disburse any remaining amounts of the Settlement Fund in accordance with the Settlement Agreement; and (2) respond to inquiries of Class Members regarding the terms of the Settlement and procedures for filing objections and requests

14
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

for exclusion. SA, § V. If the Settlement Administrator identifies a Settlement check returned as undeliverable, the Settlement Administrator shall conduct a skip-trace or otherwise attempt to ascertain current address information. SA, § V-A-3. Furthermore, the Settlement Administrator shall email Class Members who do not cash their Settlement checks after 90 days. SA, § V-A-21.

In addition, although the Settlement calls for the payment of Incentive Awards to the Class Representatives, such awards "are fairly typical in class action cases," and "do not, by themselves, create an impermissible conflict between class members and their representatives." *E.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Here, the contemplated Incentive Awards are commensurate with similar awards in other cases. *See, e.g.*, SA, § III-B-1 (providing for a $5,000 Incentive Award to each Plaintiff); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 942-43 (approving a $5,000 incentive payment to each class representative, and noting that the Ninth Circuit had approved an "identical incentive fee" in the past).

Finally, any Attorneys' Fees and Expenses Award must be approved by the Court upon an application filed by Class Counsel. Class Counsel do not presume to be entitled to such an award at this time and any award must be justified and approved by the Court. However, for purposes of analysis at the preliminary approval stage, Plaintiffs' counsel addresses their projected fee request, which they estimate in an amount not to exceed $260,000 plus costs of litigation not to exceed $10,000. SA, § VI-A. Any amounts that are awarded by the Court shall be paid by Defendant to the IOLTA account of DannLaw within thirty (30) days of the Effective Date. SA, § VI-B. Since the Attorneys' Fees and Expenses Award would be in addition to the amount paid to the Settlement Fund, this award will in no way impact the amount that Class Members receive under the Settlement Agreement. SA, § III-C. Additionally, the finality or effectiveness of the Settlement shall not depend upon the Court awarding any particular award to Class Counsel. SA, § VI-C. Therefore, from the standpoint of absent Class Members, the Settlement

15
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

is fair, reasonable, and adequate.

### 3. The Relief Provided by the Settlement is Adequate When Weighed Against the Risks of Litigation

"To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1335 (N.D. Cal. 2014); *see also Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 628 (9th Cir."1982) ("[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair.").

In this case, Class Members are likely to receive *more* than the statutory damages that they would be entitled to if the matter had gone to trial (or if they pursued their claims on an individual basis). *Compare*, SA, § III (providing for a payment of approximately $2,250 to each Class Member) *with* 12 U.S.C. 2605(f)(1)(B) (providing for statutory damages "in an amount not to exceed $2,000") and 12 U.S.C. 2605(f)(2)(B) (same). As such, the terms of the proposed Settlement here are clearly "within the range of possible approval", especially given the very substantial risks and expense Plaintiffs face in continuing to litigate this case. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 93 (S.D.N.Y. 2007).

## IV. NOTICE OF SETTLEMENT SHOULD BE APPROVED

Rule 23 of the Federal Rules of Civil Procedure requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). There are no "rigid rules" to apply when determining the adequacy of notice for a class action settlement and "the standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart*, 396 F.3d at 113-14. Moreover, the content of a notice is generally found

16
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

to be satisfactory if it "'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Khoja*, 2021 WL 1579251, at *8 (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)).

The proposed Class Notice (attached as **<u>Exhibits A and B</u>** to the Settlement Agreement) advises Class Members of, *inter alia*: (i) the background of the Action and the essential terms of the Settlement; (ii) the procedures and deadlines for requesting to be excluded from the Class and/or objecting to the Settlement, and (iii) information regarding the date, time, and place of the Final Approval Hearing. With the Court's approval, the proposed Settlement Administrator—Rust Consulting—under the direction of Class Counsel, will notify Class Members of the proposed Settlement though the notification procedure ("Notice Procedure") discussed below. Rust Consulting was selected because of its significant experience in serving as the settlement administrator in similar class actions and the fact that, according to Rust Consulting's estimate, the Notice Procedure will cost approximately $45,000, which is less than the $50,000 allotted for Administration Costs in the Settlement Agreement. Pursuant to the Settlement Agreement, in the event the Administration Costs are less than $50,000, the remaining amount is added to the Payment to Class. SA, § III-B-2.

Rust Consulting has prepared a detailed Notice Procedure based on its past experience. This Notice Procedure will consist of (a) providing Postcard Notice to all 93 Class Members identified by Wells Fargo, (b) maintaining a telephone hotline with pre-recorded answers to (what the Parties anticipate will be) frequently asked questions regarding the Settlement, and (c) establishing a settlement website that contains a Detailed Notice, all documents relevant to this lawsuit and the Settlement, answers to frequently asked questions, and other similar information regarding the Settlement. SA, § I-D.

The Parties believe that this Notice Procedure comports with the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B), especially for the following reasons. First, since this case involves Wells

17
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

Fargo's servicing of mortgage loans on Class Members' primary places of residence, the addresses and contact information for Class Members obtained from Wells Fargo are likely to be accurate. Second, given the relatively small size of the Class, a significant amount of individualized attention can be paid to any issues that may arise in providing notice to Class Members. Finally, to the extent that such issues cannot be resolved (if they even occur), there is no risk that "uninformed" Class Members will be bound by the terms of the Settlement without receiving the benefits thereof. Indeed, unlike most class action settlements—where class members must submit a claim in order to receive the benefits of a settlement, but are bound by the terms thereof unless they exclude themselves—Class Members in this case do not need to submit a claim in order to be entitled to the benefits of this Settlement; they will *automatically* receive a check from Wells Fargo. SA, § III-B-3.

For these reasons, the proposed Notice Procedure will "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings," particularly under the circumstances presented. *Lomeli v. Sec. & Inv. Co. Bahr.*, 2013 WL 6170572, at *2 (2nd Cir. Nov. 26, 2013) (summary order). Accordingly, Class Counsel respectfully requests that the Court approve the proposed Notice Procedure and the Class Notice attached as **Exhibits A and B** to the Settlement Agreement.

## V.    THE PROPOSED SCHEDULE SHOULD BE APPROVED

In connection with preliminary approval of the proposed Settlement, the Court must also set a final approval hearing date, dates for mailing and publication of the Class Notice, and deadlines for opting out or objecting to the Settlement. The Parties respectfully submit the following schedule for the Court's consideration:

| Event | Date |
|---|---|
| Administration Costs deposited into Settlement Fund | No later than thirty (30) days after the Court's entry of the Preliminary Approval Order |

18
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

| Commence Mailing of the Postcard Notice | No later than sixty (60) days after the Court's entry of the Preliminary Approval Order |
|---|---|
| Exclusion/Objection Deadline | No later than sixty (60) days after the Mailing of the Postcard Notice |
| Deadline to provide Court with Opt-Out List | No later than fourteen (14) days after the Exclusion/Objection Deadline |
| Plaintiffs' Counsel to File Motion for Final Approval and Application for Attorneys' Fees and Expenses | No later than fourteen (14) days prior to the hearing on Final Approval |
| Hearing on Final Approval and Plaintiffs' Application for Attorneys' Fees and Expenses | To be determined by Court |
| Remaining Money Deposited into Settlement Fund | No later than thirty (30) days after Final Approval is granted |
| Payment of Payment to Class, Incentive Awards, and Attorneys' Fees and Costs | Within thirty (30) days after the Effective Date |

## VI.    CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court enter an order granting preliminary approval of the Settlement, and for such other relief as the Court deems just and appropriate under the circumstances.  A draft Preliminary Approval Order is attached as **Exhibit C** to the Settlement Agreement.


Dated: January 27, 2023          By:  /s/ Thomas A. Zimmerman, Jr.
                                      Thomas A. Zimmerman, Jr.
                                      Matthew C. De Re
                                      ZIMMERMAN LAW OFFICES, P.C.
                                      77 W. Washington Street, Suite 1220
                                      Chicago, Illinois 60602
                                      (312) 440-0020 telephone
                                      (312) 440-4180 facsimile

                                      Marc E. Dann
                                      DannLaw
                                      15000 Madison Avenue
                                      Lakewood, OH 44107
                                      (216) 373-0539
                                      Fax: 216-373-0536

19
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement

Jeffrey A. Long
LAW OFFICES OF JEFFREY A. LONG
4248 Galewood St., Suite 18
Lake Oswego, OR 97035
503-374-9777
Fax: 503-765-5544

*Counsel for Plaintiffs and the Proposed Class*

20
Case No. 1:20-cv-00176-CL
Plaintiffs' Notice of Motion and Unopposed
Motion for Preliminary Approval of Class Action Settlement