UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | | |
|---|---|---|
| **DONALD E. MCCOY, III;** | : | Civ. No. 1:20-cv-00176-MC |
| **MAXIMILIANO OLIVERA** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **ORDER ON PLAINTIFFS' MOTION FOR** |
| v. | : | **FINAL APPROVAL OF CLASS ACTION** |
| | : | **SETTLEMENT** |
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | |
| **Defendant.** | : | |

MCSHANE, Judge:

This Matter coming on for Plaintiffs' *Unopposed Motion for Final Approval of Class Action Settlement*, due notice given, the parties present and in agreement, the Court fully advised,

It Is Hereby Ordered:

1. Plaintiffs' *Unopposed Motion for Final Approval of Class Action Settlement* is GRANTED.

2. This Order incorporates by reference the definitions in the Settlement Agreement.

3. The Court has personal jurisdiction over Plaintiffs and all Class Members and has subject matter jurisdiction to approve this Settlement. On July 7, 2023, the Court held a Final Approval Hearing on the Motion. Notice of the Final Approval Hearing was given in accordance with the Court's Preliminary Approval Order. At the Final Approval Hearing, the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Agreement.

4. The Court hereby certifies the Class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3) solely for purposes of this Settlement, composed of any person who, during the Class Period: (i) was a borrower on a Federally Related Mortgage Loan during the Class Period; (ii) sent a writing (that was not a payment coupon) to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; (iii) had a code on Wells Fargo's records showing there was active litigation and who received a letter from Wells Fargo referencing active litigation, active mediation, or active bankruptcy; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. 2605(e). The "Class Period" refers to the period beginning on February 2, 2017 through June 1, 2022, inclusive. A "Federally Related Mortgage Loan" means a loan as defined by RESPA and Regulation X, 12 U.S.C. §

2602(1), 12 C.F.R. § 1024.2(b). The "Designated Address" means PO Box 10335, Des Moines, IA 50306. Excluded from the Class are those persons who timely and validly requested exclusion from the Class, the judge to whom this case is assigned and the judge's immediate family members. The Court finds that this definition satisfactorily defines the Class and gives final approval of this definition.

5. The Court has read and considered the papers filed in support of the Motion, including the Agreement and its exhibits, memoranda and arguments submitted on behalf of the Class and Defendant. The Court fully and finally approves the Agreement and its terms as being fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, and directing its consummation pursuant to its terms and conditions.

6. Neither this Order nor the Agreement constitutes an admission by Wells Fargo of any liability or wrongdoing whatsoever.

7. This Order, the Agreement, and the Judgment are binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Class Released Claims maintained by or on behalf of the Class Releasors.

8. The notice given to the Class Members pursuant to the Class Notice (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law.

9. Class Counsel and Plaintiffs adequately represented the Class Members in the Action and for purposes of entering into and implementing the Agreement and Settlement. The preliminary appointment of Plaintiffs Donald E. McCoy III and Maximiliano Olivera as the Class Representatives, and Marc E. Dann, Thomas A. Zimmerman, Jr., and Jeffrey A. Long as Class Counsel, are hereby confirmed. The Class Representatives have fairly and adequately represented the interests of the Class. Class Counsel is experienced in complex class litigation and has fairly and adequately represented the interests of the Class.

10. The Court finds that the Agreement is the product of arms-length settlement negotiations between Plaintiffs, Class Counsel, and Defendant. The Settlement was facilitated by the Ninth Circuit's appointed mediator, Robert Kaiser, followed by a mediation before the Honorable Herbert Hoffman (ret.) of Judicate West. The Court does not find any evidence of collusion.

11. The Action and Plaintiffs' claims for damages are hereby dismissed with prejudice and, except as otherwise explicitly provided for in the Agreement, without costs.

12. The Class Releasees are hereby discharged and released from all Class Released Claims.

13. Class Releasors are hereby permanently barred and enjoined from instituting and prosecuting any and all of the Class Released Claims against any Class Releasees.

14. There were no objections to the Settlement. The Court finds that the Estate of Raymond T. Majewski, Sr. has properly excluded itself from this Settlement and is therefore not a Class Member for purposes of this Order. The Estate of Raymond T. Majewski, Sr. shall neither share in nor be bound by this Order or the Judgment.

15. The Agreement and the Settlement provided for therein and any proceedings taken pursuant to it are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment, or an admission of liability or of any wrongdoing by Wells Fargo or the Class Releasees or of the suitability of these or similar claims to class treatment for litigation, trial, or any other purpose except settlement; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the Agreement.

16. The Court hereby reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation, and enforcement of the Agreement.

17. Class Counsel's Fee and Expense Application is hereby approved and Class Counsel is awarded $260,000.00 in attorneys' fees, plus $3,202.59 in reimbursed costs, and expenses. This amount shall be paid in accordance with the terms of the Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Class. Second, the Court finds that the attorneys' fees, costs, and expenses are fair and reasonable in light of the work performed by Class Counsel; it reflects a "negative multiplier" as it is less than the time and expenses that Class Counsel actually spent working on this case; and, pursuant to 12 U.S.C. 2605(f)(3), it is paid in addition to and separate and apart from any actual and statutory damages that are awarded to the Class Members. Third, The Court concludes that the Settlement was negotiated at arms-length and without collusion.

18. Class Counsel's Incentive Award Application is hereby approved and Plaintiffs are awarded $5,000.00 each. The Court specifically finds such amounts to be reasonable in light of the services performed by Plaintiffs on behalf of the Class. Plaintiffs participated in the investigation and initiation of the Action, and assisted Class Counsel with the complaint, amended complaint, and appeal. Plaintiffs also participated in the mediation, assisted Class Counsel in negotiating the terms of the Settlement, and

approved the Agreement. The Incentive Awards shall be paid in accordance with the terms of the Agreement.

19. The Court approves the procedure for handling uncashed/unclaimed checks as set forth in the Agreement, including the payment to the *cy pres* recipient, Credit Builder's Alliance.

20. The Court will enter a Judgment dismissing all claims of the Class Members through separate entry.

IT IS SO ORDERED.

DATED this  7th  day of July, 2023.

                                                                   s/Michael J. McShane
                                                                      Michael McShane
                                                        United States District Judge